# ALLEGHENY HEATING CO. v. JOHN ROHAN.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 27, 1887—Decided January 3, 1888.

1. In an action by an employee against his employer, for injuries caused by an explosion of gas, if there be no evidence to prove negligence of the employer resulting in the escape of the gas, the court should direct a verdict for the defendant.
2. When the injuries for which an action is brought by an employee against his employer were caused by the negligence of a fellow servant, the plaintiff cannot recover.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 103 October Term 1887, Sup. Ct.; court below, No. 174 June Term 1886, C. P. No. 1.

On April 2, 1886, an action in case was brought by John Rohan against the Allegheny Heating Company, a corporation organized under the act of May 29, 1885, P. L. 29, and engaged in the supply of natural gas to the citizens of Allegheny City.

At the trial on November 17, 1886, it appeared that on April 23, 1885, the defendant company was laying a main line of eight inch pipe, with screw joints, along Rebecca street, with a branch therefrom on Ridge avenue. Three gangs of men were engaged. One, in which the plaintiff was employed, was digging the trench; a second, placed, tightened and tested the pipe, while a third gang filled in the earth and repaired the street. On the day mentioned, the defendant company tested about three hundred feet of the main which had been laid the day before. The testing was done by screwing an iron plug into the end of the pipe and then turning in the full pressure of the gas as it came from the well. The plug had been screwed into the pipe, but a small leak was left. There was testimony that this leak was known to the plaintiff and the other men of the ditching gang, and that they had been warned by two of the foremen with a direction not to strike or use lights. While the plaintiff was at work about twenty feet from the plugged end of the main, Patrick McGinty, another trench man, working with the plaintiff, struck a match to light his pipe, when an explosion followed from which the plaintiff and two other laborers received superficial and painful burns.

At the close of the plaintiff's case, a motion for a compulsory nonsuit having been refused, the defendant introduced testimony as to the absence of any negligence on the part of the company in the laying of the pipe or in the method of testing it, and as to the fact of plaintiff's knowledge of the leak, the warning, etc. The other facts material sufficiently appear in the opinion.

The court, BAILEY, J., charged the jury as follows:

It is necessary for the plaintiff to satisfy you that he has a meritorious case, that he did sustain the injuries complained of, and that he received them by reason of the negligence of the defendant company or its servants.

It is possible that you may determine without much difficulty from the testimony in the case, that this accident resulted from an explosion of natural gas which escaped from the pipe of the defendant company. Of course there is no direct evidence that the gas, whether great or small in quantity, which escaped from the end of this pipe, passed so far as

this man McGinty was standing, and that the explosion resulted, necessarily, from the presence of that gas in that trench, but that is a question of fact which you must determine under the evidence.

But though you be satisfied that that presence of gas, leaking from this pipe, was one of the causes of the accident by which the plaintiff was burned, that would not be enough, in itself, to warrant you in finding a verdict in favor of the plaintiff. You must be satisfied that the escape of that gas was the result of the negligence of this defendant company through its servants. There seems to be no evidence to the contrary, that this business was conducted in the ordinary, prudent, careful way that such work is done, according to the best lights which persons engaged in that business possessed, and that there was no escape of gas beyond what necessarily or ordinarily resulted from the transaction of the business in the mode in which it was done here, which seemingly was done, as I have said, according to the best lights these parties possessed. But it is for you to say whether that was a negligent act upon the part of the defendant company or its servants. Was there any negligence involved in the escape of a greater or less quantity of gas from the cap or plug which covered the end of the pipe when they were making tests of the sufficiency of the joints in the line? It is necessary that you be so satisfied. If it were an ordinary natural reasonable result from the conduct of the business of this company, it would not be proper for you to say it was negligence. The accident must be shown to have resulted from a want of care on the part of the company, or its servants, and on that subject I have a point presented by the defendant's counsel.

The first point presented by the defendant, " that under all the evidence the verdict must be for the defendant," I refuse, in order that the facts may be passed upon by you.[1] . . . . .

You must be satisfied, not merely that this gas escaped but that it was a negligent escape, and that it was the result of a want of exercise of the prudence and care which a prudent and cautious man would have exercised about the transaction of his business under the circumstances surrounding this case. If this work was prudently and carefully done, it was not negligently done, and if not negligently done, the plaintiff cannot

recover; because the defendant company can only be held answerable for its negligence or that of its employees, or, as is said in a point, " by an act of omission or commission on the part of the company or its servants."

But if you should find the two facts, that the explosion resulted from a leakage from this pipe, and that that was a negligent leakage, there is yet another question involved in the case, and that is, whether it was the result of negligence of a fellow workman of this plaintiff, the man McGinty, who it would seem, but that is a fact for you to pass upon and determine, struck a match and that match ignited the gas in the ditch.

If the accident resulted from the negligence of McGinty he was such a co-employee or co-servant with the plaintiff that the plaintiff could not recover.

If you find from the evidence that the negligence of Patrick McGinty, who was unquestionably a co-workman with the plaintiff, gave rise to the explosion, and was the occasion of this accident, then the plaintiff cannot recover; because that is one of the risks, that, under the law, a man takes when he enters into an employment. When a master or employee has furnished proper servants to assist a workman who is injured in the performance of his labor, and any such fellow workman by his negligence and want of prudence and caution does a wrong to his fellow by such negligence and want of caution, it is, of course, a matter which the employer cannot provide against. It is a matter which cannot be controlled, and is one of the incidents of the employment, the risks of which a co-employee takes in entering upon the work. . . . .

The verdict of the jury was for the plaintiff for $180.34½, and judgment being entered, the defendant took this writ, assigning for error:

1. The refusal of defendant's point.[1]

*Mr. William S. Pier*, for the plaintiff in error.

1. There was no evidence showing negligence on the part of the defendant which should have been submitted to the jury. Where the evidence is wholly insufficient to justify the jury in finding for the party upon whom the burden of proof rests, the question should be withdrawn: Longenecker v.

Railroad Co., 105 Pa. 328; Crawford v. Stewart, 19 W. N. 48.

2. If any negligence were shown, it was that of a fellow-servant. If the negligence were in fitting and testing the main, it was that of Wm. Coffey, the foreman of the men employed in that work. But the cause of the explosion was not the leak in the pipe; it was the act of Patrick McGinty, who worked with the plaintiff in the trench. Coffey and McGinty were fellow-servants with the plaintiff in the laying of the main: N. Y., L. E. & West. R. Co. v. Bell, 112 Pa. 409; Mullan v. Steamship Co., 78 Pa. 25.

*Mr. A. V. D. Watterson*, for the defendant in error:

1. The plaintiff was working twenty feet away from the end of the pipe. Is it to be supposed that gas sufficient for an explosion of such magnitude could be collected from such a small leak in so short a space of time? Negligence is always a question for the jury, when there is any doubt as to the facts, or the inferences to be drawn from them: Penn. R. Co. v. Barnett, 59 Pa. 259; Neslie v. Railway Co., 113 Pa. 300. It was negligence in the defendant to permit a high pressure of gas to be so kept that an accidental explosion of it might result in death or injury to its servants: Tissue v. Railroad Co., 112 Pa. 91.

2. According to the testimony, Wm. Coffey had been specially employed "to take charge of the laying and fitting of this gas main." Where a master places the entire charge of his business, or a distinct branch of it, in the hands of an agent, exercising no discretion and no oversight, the neglect of the agent is a breach of duty for which the master is liable: Mullan v. Steamship Co., 78 Pa. 25; Baker v. Railroad Co., 95 Pa. 211; Johnston v. Bruner, 61 Pa. 58.

3. An employee cannot be held to take into account a risk which he has no reason to anticipate: Farwell v. Railroad Co., 4 Met. 49; American Steamship Co. v. Landreth, 102 Pa. 131. A laborer employed in the digging of the trench cannot be held to anticipate the danger of an explosion of gas escaping from the pipe behind him.

OPINION, MR. JUSTICE GREEN:

In no point of view is it possible to sustain the verdict and judgment in this case. The learned court below in the charge

to the jury said: "You must be satisfied that the escape of that gas was the result of the negligence of this defendant company through its servants. There seems to be no evidence to the contrary, that this business was conducted in the ordinary, prudent, careful way that such work is done according to the best lights which persons engaged in that business possessed, and that there was no escape of gas beyond what necessarily or ordinarily resulted from the transaction of the business in the mode in which it was done here, which seemingly was done as I have said, according to the best lights these parties possessed. But it is for you to say whether that was a negligent act upon the part of the company or its servants." As a matter of course if there was no evidence to prove negligence on the part of the company or its agents, it was error to tell the jury that it was for them to decide whether there was negligence or not. If there was no evidence to prove negligence, it was not for the jury, but for the court to decide the case, by a specific instruction to return a verdict for the defendant. No principle of the law is more familiar or more deeply rooted in our system of jurisprudence than this. It would be a mere affectation to cite the authorities. Having most carefully read and studied every particle of the testimony, we are bound to say that the court was entirely correct in saying that there was no evidence to prove negligence of the defendant. On the contrary it was affirmatively and positively proved that the appliances used in making the test were of the best and most approved kind, and such as were in common and constant use for that purpose. John Bell, a witness for the plaintiff, being asked: "Q. Do you know the condition of the plug, was it put in properly?" answered: "Yes sir, to the best of my belief it was: they used all precautions necessary." All the defendant's testimony was to the same effect and that a person of great experience and capacity for this kind of work was specially employed by the defendant to conduct the operations. Against all this evidence there is not a scrap of testimony to prove negligence either in the appliances used or in the selection of the persons to do the work.

That there was some escape of gas where the test was applied proves nothing in support of a charge of negligence. It

was for the very purpose of discovering whether gas could escape that the test was applied. It would have been negligence not to apply the test, and the defendant was strictly in the line of its duty when it did so. The plaintiff admits that he heard the gas escaping, which was precisely what was to be expected. But the mere escape of the gas inflicted no injury. It was the explosion that did the mischief, and as to the cause of this, there is an absolute concurrence of testimony on both sides. The plaintiff testifies that McGinty, a fellow workman who stood a few feet from him, told him that he struck a match to light his pipe, and the explosion instantly followed. The plaintiff's physician, examined on his behalf, testified that the plaintiff told him that the injury was caused by McGinty lighting a match. He was asked: " Q. Did you hear this man (plaintiff) say anything with reference to what caused the injury? A. I did. Q. What did you hear him say? A. He said it had originated from McGinty lighting a match. Q. Did he charge McGinty with it? A. He did bitterly: said it was McGinty's fault all the way through." McGinty himself was called by the plaintiff and he, also, swore that he struck the match and nearly lost his life over it. Other witnesses testified to the same fact, so that it was an absolutely undisputed fact, proved on both sides ; and it was simply fatal to the plaintiff's case. It was also proved by several of the defendant's witnesses that notice was given to these very men only a few minutes before the explosion that they must not smoke. Some of the plaintiff's witnesses who were at remote points said they did not hear the notice, which is merely negative and goes for nothing, and McGinty said no notice was given ; but it is quite immaterial, as the case does not depend upon the giving or omitting to give notice. The injury was directly caused by a clear and undoubted act of negligence of a fellow workman, and, even if the plaintiff were entitled to recover upon other grounds, this alone would prevent a recovery.

Judgment reversed.