(27 App. Div. 7.)

### WYNNE v. HAIGHT.

(Supreme Court, Appellate Division, First Department.    March 11, 1898.)

1. APPEAL—EXCEPTIONS—REVIEW.

In an action brought by the wife of a tenant of certain rooms, against the landlord, to recover for injuries due to the fall of a ceiling, the defendant moved, at the close of plaintiff's case, to dismiss the complaint, on the ground that no negligence on defendant's part had been shown, and that, as to her alleged promise to repair the ceiling, there was no consideration therefor. The motion was denied, and defendant excepted. *Held*, that the exception raised the question whether the defendant was liable upon the proofs which plaintiff put in, and that, to obtain a review of that question, it was not necessary for defendant to procure a certificate that the case contained all the evidence.

2. LANDLORD—DUTY TO REPAIR.

In the absence of a covenant by a landlord, he is under no legal obligation to repair the demised premises, even though he promised to do so, if the promise was without consideration.

3. SAME—LIABILITY FOR INJURIES.

Where a landlord who is under no obligation to make any repairs voluntarily undertakes to and does make partial repairs, he is not thereby rendered liable for injuries resulting from the fact that the repairs were not complete, but only for active and direct negligence in doing what he undertook, if that negligence is the real cause of the injury.

Appeal from trial term.

Action by Mary Wynne against Catherine Haight. From a judgment on the verdict of a jury, and from an order denying a new trial on the merits, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

De Lagnel Berier, for appellant.

Jacob Marks, for respondent.

BARRETT, J.   In the month of January, 1895, the plaintiff's husband hired from the defendant four rooms on the second floor of No. 337 East Fifty-Ninth street, in this city.  In her complaint, the plaintiff alleges that shortly after she became the occupant of these rooms, under her husband's tenancy, she found that the ceiling in the kitchen needed repairs, and that the defendant, upon her request, promised and agreed to make these repairs.   It is further alleged that the defendant thereafter, to quote the language of the complaint, "made some alleged repairs to said ceiling," but that they were carelessly and negligently made, and that by reason thereof, and by reason also of the defendant's permitting and allowing the ceiling to remain in a bad condition, the "said ceiling fell upon the plaintiff" in the following June, causing her injuries, for which the action is brought.

There is no certificate in the case that it contains all the evidence. We cannot therefore review the facts; and we are limited to a consideration of the defendant's exceptions.   At the close of the plaintiff's case, the defendant moved to dismiss the complaint, upon the ground that no negligence on her part had been shown, and that, as to the promise to repair the ceiling, there was no consideration therefor.   These grounds were amplified in a full discussion, which gave the plaintiff abundant notice of the lack of evidence which the defendant pointed out.   The motion was denied, and the defendant excepted. That exception raises the question whether the defendant was liable upon the proofs which the plaintiff put in.   To obtain a review of that question, it was not necessary for the defendant to procure a certificate that the case contained all the evidence.   Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. 482; Perkins v. Hill, 56 N. Y. 87.   As was said in Halpin v. Insurance Co., at page 171, 118 N. Y., and page 483, 23 N. E.:

"An exception appearing in the proposed case serves as a notice to the respondent of an intention to raise the question of error in the ruling excepted to, and puts on him the responsibility of adding by amendment any needed proof upon the particular question, just as a certificate that the case contains all the evidence notifies him of an intention to review the question of error in findings of fact based on the allegation of insufficient proof."

We must therefore assume that all the evidence in support of the ruling excepted to was inserted in the case.   The question, then, is: Was the ruling, upon that evidence, correct?   A brief summary of the plaintiff's testimony will suffice to raise the point.   The plaintiff testified that she called the attention of the defendant's housekeeper to the ceiling, and told her that she wanted it repaired; that a few days thereafter a man came in, and kalsomined the ceiling, but did not take out the cracks; and that, while this man was doing the kalsomining, he pounded on the ceiling with the handle of his brush. Shortly after this, the plaintiff called the defendant's attention to the insufficiency of what had been done, and the latter then made this meaningless observation, "I will get a paper for you."   That, however, was the end of it.   Nothing more was done about the repairs, and the plaintiff and her family continued to live in the rooms until the following June, when the ceiling fell.   Subsequently the defendant told the plaintiff that she had been deceived in the premises, and that they

"were rotten." The rest of her testimony is unimportant upon the main question of liability. Upon this testimony, we think, the complaint should have been dismissed, and that the defendant's exception to the refusal to dismiss it was well taken. The defendant was under no legal obligation to repair the premises; nor was she liable for damages caused by a defect in the ceiling, even though she promised to repair it, and failed to do so. This the plaintiff concedes, as indeed she was bound to do, upon well-settled principles. She seeks, however, to sustain the ruling upon the doctrine that where a landlord undertakes to, and does, repair, he is liable for injuries resulting from his negligent acts while so engaged. The plaintiff's difficulty here is in the application of this doctrine. There was absolutely no evidence that it was the defendant's negligence or that of her servant which caused the ceiling to fall. Kalsomining the ceiling certainly did not cause it to fall, nor did the man's pounding on the ceiling in January, while doing the kalsomining, cause it to fall in the following June. At all events, there is not a particle of evidence connecting this man's act with the subsequent fall. The ceiling fell because the cracks had not been taken out, and because it was not properly supported. The defendant, however, was not responsible for these omissions. Even if she had promised to make repairs, she would not have been liable for her failure to keep that promise, it being without consideration. Still less was she liable for a partial failure in that regard. Clearly, she is not liable merely because she only kalsomined what she had agreed to repair, if she would not have been liable in case of complete nonaction. It is not the landlord's "negligence," in the sense in which that word is commonly used, which makes him liable,—that is, in not fully doing what he has voluntarily promised to do,—but his active and direct negligence with regard to the subject-matter of his undertaking. His negligent act must be the real cause of the injury, and it is for that alone that he is liable. The only suggestion here of negligence in this sense is, as we have seen, that the man who did the kalsomining pounded upon the ceiling with the handle of his brush. It would be absurd, however, in the absence of evidence, to indulge the supposition that this act in January caused or accelerated the fall of the ceiling in the following June. The ceiling really fell because the cracks were not taken out, and it was not properly strengthened. That is the clear import of the evidence. But for the failure in that regard the defendant was not liable. She was really held here because, having apparently undertaken to do what was asked of her housekeeper, she did it inefficiently. Clearly, that was not enough to hold her.

We think, therefore, that the nonsuit should have been granted; and, consequently, the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.