(25 Misc. Rep. 295.)

COLEMAN et al. v. CENTRAL TRUST CO. OF NEW YORK.

(City Court of New York, General Term. November 18, 1898.)

LANDLORD AND TENANT—FAILURE TO REPAIR.

A landlord failing to repair the roof, on notice of leaks, as required by the lease, is liable for damages to the tenant's property by reason of such failure.

Appeal from trial term.

Action by Aaron Coleman and another against the Central Trust Company of New York. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Butler, Notman, Joline & Mynderse, for appellant.
Julius H. Cohn, for respondents.

FITZSIMONS, C. J. The lease required the defendant to repair the roof of the demised premises, when notified in writing by the lessees of the bad condition of said roof. It is admitted that the roof leaked, and on February 6, 1896, the plaintiffs notified the defendant of that fact. It then became the duty of the defendant to make all necessary repairs, so as to avoid damage to the plaintiffs' property by bad weather. The defendant's contention is that such repairs were done, and the roof made secure and sound. The plaintiffs' testimony is that the roof could not have received proper and necessary attention, because the roofer who was sent to make the repairs spent only a few minutes upon the roof, and that he only used paint skins to fill up the holes. Having heard this testimony, it was the duty of the jury to determine who told the truth. If they determined that the plaintiffs' witness testified truthfully, then the defendant certainly failed in performing the duty, cast upon it by the lease, to do all necessary repairs to the roof after receiving notice of its defective condition; and any damage resulting to the plaintiff because of such condition would leave the defendant liable to the plaintiffs therefor. Evidently the jury did believe the plaintiffs' witnesses and disbelieved those produced by the defendant, which, of course, they had a right to do. They must also have believed that leaks in the roof, and not the breaks in the skylight door, let in the water.

Under these circumstances the jury were justified in giving a verdict for the plaintiff. The evidence sustains the verdict, and it is not excessive. It must therefore be affirmed, with costs. All concur.