(26 Misc. Rep. 712.)

### MINER v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Appellate Term.    March 20, 1899.)

APPEAL—EVIDENCE—RECORD.

> Though there is no statement in the case, as settled, that it contains all the evidence, defendant is entitled on appeal to consideration of his exception to the denial of his motion at close of plaintiff's case to dismiss the complaint; the exception being notice to plaintiff, requiring him to add to the case by amendment any proof necessary to sustain the ruling.

Appeal from city court of New York, general term.

Action by Henry C. Miner against the Edison Electric Illuminating Company. From an order of the general term reversing a judgment for plaintiff, and directing a judgment for new trial (50 N. Y. Supp. 218), plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benjamin Steinhardt, for appellant.

R. C. Waterbury, for respondent.

PER CURIAM. After a careful consideration of the evidence in the case, and the brief submitted by the counsel for the appellant in support of his appeal, we are of the opinion that the order of the general term of the city court, directing a new trial, was right. Assuming that the employés of the defendant undertook to make the contract sued on, there is no evidence in the case which is sufficient to support the conclusion that they had any authority from the defendant to bind it in the matter. The contention that there was a subsequent ratification by the defendant is equally without reasonable support.

There was no statement in the case, as settled, that it contained all of the evidence; and the appellant maintains that for that reason the exception to the denial by the trial court of the motion to dismiss the complaint at the close of the plaintiff's case cannot be considered, because evidence may have been given, which was omitted on the settlement, mending the plaintiff's case, and that, by reason of the absence of the statement that all the evidence was before the appellate court, there is an uncertainty upon the subject which is fatal to the consideration of the exception. The position is untenable. The precise point was raised in the case of Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187, and was disposed of contrary to the appellant's contention; the court holding that an exception to the denial of such a motion at the close of the plaintiff's case is notice to him of an intention on the part of the defendant to raise the question of the sufficiency of the plaintiff's proof, and impress upon the latter the responsibility of adding to the case by amendment any proof which may be necessary to sustain the ruling made upon the trial.

The order appealed from must therefore be affirmed, and, under the stipulation of the appellant in that event, judgment absolute must be rendered against him.

Judgment and order affirmed, with costs, and judgment absolute directed for the defendant upon the plaintiff's stipulation.