(62 Misc. Rep. 471.)

### ZELZER v. COOK et al.

(Supreme Court, Appellate Term. March 5, 1909.)

1. LANDLORD AND TENANT (§ 150*)—REPAIRS—WHOSE DUTY TO MAKE.

Under a lease of entire premises, the tenant is bound to make all repairs, in the absence of a contrary provision.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536–557; Dec. Dig. § 150.*]

2. LANDLORD AND TENANT (§ 167*)—VOLUNTARY REPAIRS BY LANDLORD—LIABILITY FOR DEFECTS.

Under the rule that improper performance of a gratuitous understanding, causing injury, is actionable, a landlord who undertakes to make repairs at the tenant's request, though not bound to do so, is liable for injury resulting from defective performance of the work.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 167.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 762*) — SIDEWALKS — COAL HOLES—LIABILITY FOR INJURY.

A coal hole in a sidewalk, left unguarded or without safe covering, is a nuisance, and all persons who continue it, or are in any way responsible for it, are liable, irrespective of negligence, for injury to a pedestrian.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1606; Dec. Dig. § 762.*]

4. LANDLORD AND TENANT (§ 167*)—LIABILITY OF LANDLORD—NUISANCE.

A landlord out of possession is not responsible for an after-occurring nuisance, unless he is at fault for its creation or continuance; the mere fact of ownership not showing fault.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 167.*]

5. LANDLORD AND TENANT (§ 167*)—SIDEWALKS—DEFECTIVE COAL HOLES—NEGLIGENCE.

That a pedestrian, injured through a defective cover to a coal hole in a sidewalk, was not negligent, and that the landlord of the abutting premises had undertaken to remedy the defect, but had inefficiently performed the work, makes out a prima facie case of negligence against the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 167.*]

6. LANDLORD AND TENANT (§ 169*)—SIDEWALKS—DEFECTIVE COAL HOLES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence in an action for injury to a pedestrian caused by a defective cover to a coal hole in a sidewalk held to warrant a finding that the tenant of the abutting premises was not negligent.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ralph Zelzer against Frank Cook and another. From a judgment for defendants, plaintiff appeals. Affirmed as to defendant Cook, and reversed and new trial ordered as to defendant Margaret Donnelly.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

H. N. Holde, for appellant.

M. Strassman, for respondent Cook.

Amend & Amend, for respondent Donnelly.

GILDERSLEEVE, P. J. Plaintiff was injured by falling into a coal hole on the sidewalk in front of premises owned by defendant Donnelly and leased by her to defendant Cook. The uncontradicted evidence of plaintiff shows that he was walking on the sidewalk and stepped on the cover of the coal hole, which seemed to be in proper condition, but which, in fact, was defective, and that plaintiff fell into the chute, was injured, and was taken to the hospital; that he was unable to follow his occupation and received medical treatment for about three weeks; that he still suffers pain in his leg; and that his loss of earnings by reason of the accident amounted to about $150. He was corroborated as to the defective condition of the cover by defendant Cook, the lessee of the premises, who swore that he had observed this defective condition for some time, and had requested defendant Donnelly to repair it, and that said Donnelly did send a man to make the repairs, but the repairs were not effective, nor prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erly done, and Cook so notified Donnelly, and it was not until after plaintiff's accident that sufficient repairs were finally made. The defendant Donnelly rested on plaintiff's case. The defendant Cook's evidence does not contradict plaintiff. The court gave judgment on the merits in favor of both defendants, and plaintiff appeals.

It cannot be doubted, under the evidence of this case, that either Donnelly or Cook, if not both, was liable to plaintiff for his injuries. Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459. The action was tried on the theory of negligence, not of nuisance. Donnelly seeks to escape upon the theory that she leased the premises to Cook, and relies upon the authority of Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459, where it was held that:

"When the owner builds a coal vault under or adjoining the sidewalk, with an opening to the surface, by the permission of the municipality, and constructs it in all respects safely and properly, and then rents the premises to a tenant, who takes the entire possession and occupation, the landlord reserving no control, and the tenant, in his own use of the property, carelessly leaves the coal hole open, whereby some one is injured, it is the tenant, and not the landlord, who is liable, since the latter has neither created or maintained a nuisance, nor been guilty of any negligence or wrong."

In the case at bar, it may be observed, there, is no evidence that Donnelly built and constructed the coal vault or hole, with its cover, "in all respects safely and properly"; nor is there any evidence of the permission of the municipality, beyond the inference to be drawn from the existence and continuance of the coal hole for apparently a considerable period of time, while the evidence affirmatively shows that Donnelly did exercise some control over the leased premises, so far as this hole is concerned, since she undertook to remedy the defects in the cover, both before and after the accident. The lease provides that "the party of the second part [Cook] shall make all necessary and needful inside repairs, and bear all expenses incident to the management of said premises," but is silent as to the outside repairs; and defendant Cook claims that the outside repairs were thus left, inferentially, to be done by Donnelly. In the absence, however, of a provision to the contrary, all repairs are presumed to fall to the tenant under a lease of the entire premises.

Conceding, however, that Donnelly was under no obligation, under the lease, to repair the coal hole cover, the rule is that the improper performance of a gratuitous undertaking, from which damage ensues, gives a right of action, and where a landlord undertakes to repair leased premises, at the request of the tenant, although under no obligation to do so, he is answerable for injuries resulting from defective performance of the work. McAdam, Land. & Ten. Supplement, p. 192. Looking at the case from the standpoint of a nuisance, it must be held that, assuming that the authority for the construction of the coal hole had been granted, the consent of the municipality was conditioned in such case upon certain modes of use, and when the opening was left unguarded, or without safe covering, it became at once a trap and a nuisance (Jennings v. Van Schaick, 108 N. Y. 533, 15 N. E. 424, 2 Am. St. Rep. 459), and all persons who

continued it, or in any way became responsible for it, were liable to any person who might be injured thereby, while going upon the sidewalk, irrespective of any question of negligence on their part (Irvine v. Wood, 51 N. Y. 228, 10 Am. Rep. 603); but a landlord, out of possession, is not responsible for an after-occurring nuisance, unless in some manner he is shown to be at fault for its creation, or, as in the case at bar, for its continuance, but the bare fact of ownership will not produce this result (Wolf v. Kilpatrick, 101 N. Y. 147, 4 N. E. 188, 54 Am. Rep. 672).

However, as above stated, this case was tried on the theory of negligence only, not of nuisance, and we shall decide it upon that theory. The plaintiff was clearly free from contributory negligence, and, as we have seen, it is established by the evidence that the defendant Donnelly, after receiving notice from the tenant, Cook, undertook to remedy the defective cover of the coal hole, but performed the work so inefficiently as to leave the same in a dangerous condition, and that the accident resulted therefrom. This state of the evidence makes out a prima facie case of negligence against defendant Donnelly, who did not attempt to rebut the same, and it was, therefore, error to render judgment in her favor. So far as Cook is concerned, the case is different; for he gave due notice to Donnelly of the unsafe condition of the cover, and received Donnelly's assurance that it would be remedied, and, in the meanwhile, he did what he could, by means of a chain, to keep the cover in place, and, after Donnelly had sent a man, previous to the accident, to remedy the defect, Cook made another examination of the cover, and again notified Donnelly that it still remained defective. The court below, therefore, seems to have been warranted in finding as a fact in the case that Cook was not guilty of negligence.

It seems to us that the judgment as to Cook should be affirmed, with costs, and the judgment as to Donnelly reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.