SALVETTA v. FARLEY et al.

(Supreme Court, Appellate Term. May 24, 1910.)

LANDLORD AND TENANT (§ 164*)—DUTY TO REPAIR—NEGLIGENCE OF AGENT—LIABILITY OF LANDLORD.

Though a landlord was not bound to repair, where she undertook to have repairs made, and her agents performed the work in such an unworkmanlike manner as to cause injury to the family of a tenant, she was liable as for active and direct negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 631, 632; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Giovanni Salvetta, by Crescenzo Salvetta, his guardian ad litem, against Annie Farley and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

W. Montefiore Henschel, for appellant.

Carl Shurz Petrasch, for respondents.

PAGE, J. Conceding that defendant Annie Farley was under no obligation to repair the ceiling by reason of the relationship of the landlord and tenant which existed between her and the plaintiff's guardian, she none the less undertook to have the repairs made. She thereupon became liable for any injuries which might be caused to the family of the tenant by reason of the negligence of herself or her servants in making such repairs. Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187; Blake v. Fox (Com. Pl.) 17 N. Y. Supp. 508; 24 Cyc. 1116, 1117, and cases there cited.

There can be no doubt that Patrick Farley was acting as defendant Annie Farley's agent in repairing this ceiling, and from the testimony of the other plasterer it appears that the repairs were not made in a proper and workmanlike manner. This, then, amounted to "active and direct negligence," and, as was said by Barrett, J., in Wynne v. Haight, supra, the liability of the landlord in such cases is based, not—

"in not fully doing what he has voluntarily promised to do, but his active and direct negligence with regard to the subject-matter of his undertaking. His negligent act must be the real cause of the injury, and it is for that alone he is liable."

It can hardly be doubted that Patrick Farley's negligent act was the cause of the injury here, and for such act, as his principal, Annie Farley is bound.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes