### LIPSCHITZ v. RAPAPORT.

(Supreme Court, Appellate Term. February 8, 1912.)

LANDLORD AND TENANT (§ 164*)—PREMISES—INJURIES FROM DEFECTIVE CONDITION.

A landlord voluntarily making repairs is liable only for his direct negligence in his undertaking, so that he cannot be held liable for an injury to the tenant, caused by a part of the ceiling of the premises falling on the tenant, though he did make repairs to the ceiling, where the part which fell was not the part repaired, and there is no showing that the fall was due to the negligent manner in which the repairs were made.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Meyer Lipschitz against Meyer Rapaport. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

James J. Mahoney (M. J. Wright, of counsel), for appellant.
Abraham A. Hoffmann, for respondent.

GERARD, J.   This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of the negligence of defendant in failing to make adequate repairs to the ceiling of an apartment occupied by plaintiff.   The evidence showed that defendant was the landlord of the premises. Plaintiff's evidence was to the effect that he called the attention of the landlord to the condition of the ceiling, and that the landlord promised to repair it; that thereafter a man, whose connection with the landlord is in no way shown, came to the house and did some work on the ceiling.   Thereafter a part of the ceiling, which was not the part repaired by the man, fell on plaintiff's head, injuring him.

Where a landlord, who is under no obligation to repair, voluntarily undertakes to and does make repairs, he is liable only for his active and direct negligence with regard to the subject-matter of his undertaking.   His negligent act must be the real cause of the injury, and it is for that alone that he is liable.   Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187.   Granting that plaintiff made out a prima facie case as to the connection of the man who made the repair, by showing that the landlord promised to repair the ceiling and that a man thereafter appeared, nevertheless plaintiff was bound to produce some evidence to show that the fall of the ceiling was due to the negligence of the landlord in making the repair.   If the part of the ceiling repaired was the part which fell, the doctrine of res ipsa loquitur would probably apply; but here the uncontradicted evidence was that the part of the ceiling which fell was not the part of the ceiling on which the man had worked.

The landlord is not liable for a failure to keep a promise to make repairs, and, as there is no evidence tending in any way to show that the fall of that portion of the ceiling which fell was due to the negligent manner in which repairs were made to another portion of the ceiling, the complaint should have been dismissed, and therefore the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.