FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA, Respondent, *v.* EMANUEL WEINBERG and Another, Appellants.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Lease — breach of covenant for heat — insurance — negligence — release — subrogation.

> Ordinarily in an action for breach of a landlord's covenant to give steam heat, the measure of damages is the loss of rental value or the cost of supplying the heat.

> The goods of tenants were damaged by the bursting of the sprinkler system due to a breach of the landlord's covenant to furnish adequate steam heat. After the payment of the loss for damages to the goods under a policy of insurance which provided for an assignment to the insurer of any right against the landlord that the tenants had for damages to the goods, the tenants released the landlord from liability for such injury, whereupon the insurer brought an action against the tenants to recover the amount of loss paid by it, on the ground that its right of subrogation had been destroyed by such release. Upon reversing a judgment in favor of plaintiff and directing judgment for the dismissal of the complaint, *held,* that as it did not appear either that the landlord was negligent or that any other than the usual damages for breach of a covenant for heat were within the contemplation of the parties, the defendants had no claim against their landlord for injury to their goods, released none, and plaintiff was in no wise injured.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of plaintiff.

Samuel Brand (I. Maurice Wormser, of counsel), for appellants.

Goldstein & Goldstein (David Goldstein, Alex Davis, of counsel), for respondent.

PENDLETON, J. Plaintiff, an insurer, has recovered a judgment against the insured for the repayment of the amount of a loss paid for injury to defendants' goods, caused by the bursting of the sprinkler system, due to the landlord's failure to furnish adequate steam heat, on the ground that after payment of the loss, defendants, the insured, released the landlord from liability for such injury to defendants' goods, thereby destroying plaintiff's right to subrogation, provided for in the policy, and by an assignment to plaintiff of any right against the landlord that defendants had, for damages to their goods.

The evidence seems clear that the lease contained substantially a covenant to furnish steam heat; that the landlord breached this covenant, and that defendants released the landlord from all claims, if any, for damages to their goods by reason of the bursting of the sprinkler system. Ordinarily and in the absence of any facts tending to show other damages were within the contemplation of the parties, the measure of damages in an action for breach of a contract to give steam heat is the loss of rental value or the cost of supplying the heat. See *Krohnberg* v. *Lucas*, 174 N. Y. Supp. 676, and cases cited. Damages to goods are recoverable in an action for negligence but negligence is not predicated on the mere breach of every contract. A breach of duty implied as the result of entering into a contractual relation or the improper doing of some act which the contract provided for may however create such a liability. *Schick* v. *Fleischhauer*, 26 App. Div. 210; *Frank* v. *Mandel*, 76 id. 413. In the latter case, citing *Wynne* v. *Haight*, 27 App. Div. 7, 10, the court said: "There is a dictum in *Edwards* v. *N. Y. & H. R. R. R.* (98 N. Y. 245, at p. 248) that ' if a landlord lets premises and agrees to keep them in repair, and he fails to do so, in consequence

Appellate Term, First Department, March, 1920.    [Vol. 110.

of which anyone lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured; ' but the proposition finds no support in the authorities unless the negligence is something beyond the mere failure to perform the contract. Such negligence in a general sense as may be involved in the failure to fulfill a covenant is not enough. As was said by Mr. Justice Barrett in *Wynne* v. *Haight* (27 App. Div. 7, at p. 10) : ' It is not the landlord's negligence, in the sense in which that word is commonly used, which makes him liable — that is, in not fully doing what he has voluntarily promised to do, but his *active and direct negligence* with regard to the subject matter of his undertaking. His *negligent act* must be the real cause of the injury, and it is for that alone that he is liable.' It was accordingly held in that case that (p. 9) ' the defendant was under no legal obligation to repair the premises, nor was she liable for damages caused by a defect in the ceiling, even though *she promised to repair it and failed to do so.* ' '' There is no negligence of that kind here. We may assume the landlord was in control of the heating apparatus and even the sprinkler system. There is nothing to show any defect in machinery or any negligence, either act committed or in omission of due care. The failure to perform its contract to give heat is the only charge. On the facts in this case, therefore, it does not appear either that the landlord was negligent or that any other than the usual damages for breach of a covenant to heat were within the contemplation of the parties, and as defendants had no claim against the landlord for injury to their goods, they released none and plaintiff was in no wise injured. Plaintiff cites *Bloomingdale* v. *Columbia Ins. Co.*, 84 N. Y. Supp. 572, where it was held in a suit on a fire policy that the fact

the insured had violated the terms of the policy in that it had released the carrier in whose possession the goods were, when burned, was a defense to the action, and that the fact that under the particular circumstances the carrier was not liable was not an excuse, as that was a question the insured was entitled to try out with the carrier. The actual decision in that case may be sustained on the particular facts but so far as it conflicts with the views here expressed, it should not be followed. In *Connecticut Fire Ins. Co. v. Erie R. Co.,* 73 N. Y. 399, it was held that a release by the insured to the wrongdoer, excepting his claims against the insurer, preserved his claim against the insurer and for the same reason the insurer's right against the wrongdoer, and in *Dilling* v. *Draemel,* 16 Daly, 104, it was pointed out, relying on the latter case, that the release of the wrongdoer discharges the insurer only to the extent to which it defeats the insurer's remedy over by subrogation. If the insured had no claim against the carrier, as it was sought to show in 84 N. Y. Supp., above referred to, the insurer's remedy over was not defeated and he was not damaged. The opportunity to assert a groundless claim against the carrier was of no value and its loss no injury. The question of the carrier's liability is one of fact and could be just as well tried out in a suit with the insured as with the carrier.

Judgment reversed, with thirty dollars costs, and judgment directed for defendants dismissing the complaint, with costs.

BIJUR and MULLAN, JJ., concur.

Judgment reversed, with thirty dollars costs.