STEPHEN NASH and LOUIS VEGH, Appellants, *v.* FRANK ROCK-TASCHEL, Respondent.

Supreme Court, Appellate Term, First Department, April, 1923.

Landlord and tenant — lease of part of house — covenant by tenant to repair — break in drain pipe serving whole house — liability of landlord to reimburse tenant for repairs.

In a lease of a store floor, the floor directly above, and the basement, the tenants covenanted to keep the premises in good order and repair. During the term the basement floor was flooded with water due to a break in the house drain pipe located under the basement. This pipe drained not only the premises of said tenants but also the two upper floors of the building, which were not leased to them. *Held,* that as the landlord to some extent retained control of the drain pipe he was in duty bound to make repairs after notification and having authorized said tenants to make the repairs and charge them to him, he was liable to the tenants in an action to recover the amount paid to a plumber, and a judgment in favor of defendant will be reversed, with direction for the entry of judgment in favor of plaintiffs for the amount demanded, with costs in the court below.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of defendant.

*Samuel H. Abraham,* for appellants.

*William H. Wack,* for respondent.

LEHMAN, J. The plaintiffs are the lessees of a bakery and lunch room in a building owned by the defendant. The part of the building leased to the plaintiffs consists of " store floor, first floor, directly above the store, and the basement of said premises." The lease to the plaintiffs contains a provision that " the tenant shall and will keep said premises in good order and repair during the term aforesaid, and upon failure so to do, the landlord or his assigns may do and perform all repairs which may be necessary in and about said demised premises, and add the amount of the cost of such repairs to the rent due hereunder on the first of the

month following the date of repairs, and such cost of said repairs shall be and constitute such rent, together with the rent above provided for."

It appears that in February, 1922, the basement floor became flooded with water, due apparently to a break in the house drain pipe situated under the basement. This pipe drained not only the part of the premises leased to the plaintiffs, but also the two upper floors of the same building, which were not leased to them. When the plaintiffs called upon the defendant to repair this drain pipe, the defendant, according to his own testimony, stated to the tenant that " It was in the lease that he was to pay, but if it is found out that I have to pay, that I would pay it." The plaintiffs thereupon ordered the repairs and paid the plumber, and have brought this action to recover from their landlord the amount so paid, and the trial justice has given judgment in favor of the defendant.

Since the drain pipe was used for the entire building and in common by all the tenants therein, the landlord retained control and responsibility of the pipe to a greater or less extent, and even though the pipe was situated under the premises occupied by the plaintiffs, it cannot be said to have been demised to the plaintiffs. Since the pipe was not demised to the plaintiffs, the plaintiffs were under no obligation to keep it in repair, and since the landlord at least to some extent retained control of the drain pipe the landlord was in duty bound to make repairs after notification. *Levine* v. *Baldwin*, 87 App. Div. 150. It is unnecessary for us to determine upon this appeal whether tenants ordinarily could recover expenses incurred by themselves in making repairs in a part of the premises not leased to them which the landlord was obligated to keep in repair, because in the present case the defendant clearly authorized the tenants to make the repairs and to charge him with the reasonable cost if it should appear that the obligation of repair rested upon the landlord.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the plaintiffs for the amount demanded in the complaint, with appropriate costs in the court below.

LYDON and BURR, JJ., concur.

Judgment reversed.