HARRY BOTWIN and Others, Doing Business as CLINTON BOTTLING COMPANY, Appellants, *v.* ROTHKOPF REALTY COMPANY, INC., Respondent.

Supreme Court, Appellate Term, Second Department, April 28, 1926.

Landlord and tenant — liability of landlord — action for damage caused by failure to repair part of premises used in common by all tenants — error to dismiss complaint at close of plaintiffs' case — provision in lease to tenant does not relieve landlord.

In an action by a tenant to recover damages to personal property arising out of the failure of the landlord to repair a part of the premises used in common by the tenants, it was error to dismiss the complaint at the close of the plaintiffs' case on the theory that there had been no proof of active negligence on the part of the landlord or its agent, for under the circumstances stated, it is liable for damages caused although active negligence is not shown.

A provision in the lease of one of the tenants, that the landlord shall not be liable for damage by water, does not relieve the landlord where the damage is caused by defects in portions of the building under its control and it has been negligent in failing to repair.

APPEAL from a judgment of the Municipal Court, Brooklyn, Third District, in an action by a tenant against his landlord to recover for damage to his personal property arising from the negligence of the landlord.

*Charles Braunhut,* for the appellants.

*Paul L. Ross,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellants to abide the event.

It was error to dismiss the complaint as the plaintiffs had made out a *prima facie* case. While a landlord who is not obligated to

make repairs is not liable to a tenant except for active negligence in the making of them if he voluntarily undertakes the work (*Wynne* v. *Haight*, 27 App. Div. 7; *Lipschitz* v. *Rapaport*, 133 N. Y. Supp. 385; *Schatzky* v. *Harber*, 164 id. 610; *Marston* v. *Frisbie*, 168 App. Div. 666), he is liable where he rents the premises to different tenants and negligently fails to keep the parts that are used in common in a reasonable state of repair, and this applies to water pipes as well as to other things. (*Levine* v. *Baldwin*, 87 App. Div. 150; *Nash* v. *Rocktaschel*, 120 Misc. 588.)

In the latter situation the fact that the lease of one of the tenants contains a clause providing that the landlord shall not be liable for damage by water, does not relieve the landlord where the damage is caused by defects in portions of the building under his control and he has been negligent in failing to repair. (*Garrity* v. *Propper*, 209 App. Div. 508; *Lewis Co.* v. *Metropolitan Realty Co.*, 112 id. 385.) While the plaintiffs' proof might not have established any active negligence by defendant or its agent, the plumber, when he came to fix the pipe, plaintiffs did not have to succeed on that ground.

Present, CROPSEY, MacCRATE and LEWIS, JJ.