IRVING JARCHIN, Respondent, *v.* MOLLY RUBIN, Appellant.

Supreme Court, Appellate Term, Second Department, September, 1926.

Landlord and tenant — negligence — except where tenement house is involved, landlord is not liable for injuries to tenant because of failure to make repairs — complaint in action against landlord of two-family house to recover for injuries suffered by fall of window after landlord tried to remedy defect dismissed in absence of proof of negligence.

The complaint in this action against a landlord by a tenant occupying a two-family house to recover for injuries suffered by reason of the sudden fall of a window in said house some ten or twelve days after the landlord endeavored

to remedy the trouble with the window, must be dismissed, for, except where a tenement house is involved, a landlord is not liable for injuries to a tenant because of a failure to make repairs in the leased premises, unless it is shown that in attempting to remedy a defect therein the landlord by his negligent act produced the result; in this instance there was no proof that the landlord was in any way responsible for the fall of the window.

ACTION by tenant against landlord for injuries suffered by reason of defect in leased premises.

PER CURIAM. Judgments unanimously reversed upon the law, with fifteen dollars costs in each case to appellant, and complaints dismissed, with appropriate costs in the court below.

A landlord is not liable in damages for injuries received by a tenant because of a failure to make repairs in the leased premises even though the landlord has agreed to make them. (*Boden* v. *Scholtz*, 101 App. Div. 1; *Kushes* v. *Ginsberg*, 99 id. 417.) This rule, however, is not applicable in the case of tenement houses, where, because of the provisions of the Tenement House Law, the landlord may be held. (*Altz* v. *Leiberson*, 233 N. Y. 16.) The premises in question here were a two-family house, not a tenement house, hence the rule in the *Altz* case does not apply.

If the record justified the finding that the accident in question was due to the negligent way in which the landlord endeavored to remedy the trouble with the window, the judgments could stand, because the landlord would be liable if his negligent act produced the result. (*Wynne* v. *Haight*, 27 App. Div. 7; *Lipschitz* v. *Rapaport*, 133 N. Y. Supp. 385; *Schatzky* v. *Harber*, 164 id. 610; *Marston* v. *Frisbie*, 168 App. Div. 666.)

But such a finding is not warranted upon this record. There is nothing to show that the landlord did anything to the window that later caused it to fall. Such a finding cannot be inferred from the mere fact that some ten or twelve days thereafter the window came down. Plaintiff's proof showed that it worked practically the same after the landlord had tried to remedy the condition as it had worked before.

As there was no basis for finding that the landlord had done any negligent act, the complaints should have been dismissed.

Present — CROPSEY, LAZANSKY and MACCRATE, JJ.