F. Edwin Parker, Plaintiff, *v.* George Jenkins and Another, Defendants.

County Court, Cayuga County, January 30, 1930.

*A. J. & F. A. Parker,* for the plaintiff.

*Theodore M. Coburn,* for the defendants.

Mosher, J. To plaintiff's claim for rent herein the defendants interposed a counterclaim for the value of medicinal tablets on the first floor of their factory damaged by water coming down from the upper floor because a defective faucet split when frozen some eight months after plaintiff installed it by his employee, Gilfus, shortly after the commencement of their occupation.

The defendant Perkins testified that in the body part on the side of the faucet was a split about one inch long by one-eighth inch wide soldered or different colored, white metal, which he told Gilfus did not seem very good and looked like it had been broken and soldered, to which Gilfus replied that was the faucet plaintiff gave him to put on and he thought it would hold, but when frozen the split opened one-thirty-second of an inch, which caused the damage. Plaintiff testified that when they rented upstairs they objected to the faucet and he put in a new one, which Gilfus put in when they came, and that it was the pipe and not the faucet which split, because defendants failed to heat the building properly, and other defenses, all of which were sharply litigated.

The plaintiff now challenges the counterclaim on the oft-reiterated theory that the landlord is not liable in tort for damages resulting from a breach of contract to put or keep in repair premises within the exclusive control of the tenant (*Boden* v. *Scholtz,* 101 App. Div.

1; *Kushes* v. *Ginsberg*, 99 id. 417; *Schick* v. *Fleischhauer*, 26 id. 210, 212; *Jersey S. & L. Stores* v. *Best Silk Shops*, 134 Misc. 315; *Miller* v. *Rinaldo*, 21 id. 470; *Sanders* v. *Smith*, 5 id. 1; *Dorwin* v. *Potter*, 5 Den. 306; *Spellman* v. *Bannigan*, 36 Hun, 174, 175), but only in contract (*Eckert* v. *Reichardt*, 215 App. Div. 144; *Krohnberg* v. *Luckas*, 174 N. Y. Supp. 676) for the difference in rental value (*Drago* v. *Mead*, 30 App. Div. 258; *Huber* v. *Ryan*, 57 id. 34, 37) or the reasonable cost of repairs. (*Witty* v. *Matthews*, 52 N. Y. 512.)

The defendants, however, charge the plaintiff with liability, not for non-feasance in failing to repair, but for misfeasance in making defective repairs, by his affirmative and direct personal act, constituting active negligence which caused the damage. (*Hirsch* v. *Radt*, 228 N. Y. 100, 105; *Blumenthal* v. *Prescott*, 70 App. Div. 560; *Wynne* v. *Haight*, 27 id. 7, 10; *Marston* v. *Frisbie*, 168 id. 666; *Botwin* v. *Rothkopf Realty Co., Inc.*, 128 Misc. 15; *Jarchin* v. *Rubin*, Id. 437; *Drescher Co.* v. *Landeker*, 140 N. Y. Supp. 1025; *Lipschitz* v. *Rapaport*, 133 id. 385; *Salvetta* v. *Farley*, 123 id. 230.)

The accumulating line of judicial expression that where the landlord interferes and assumes or undertakes to repair premises under the tenant's exclusive control, he is bound to repair properly, with diligence and care, and becomes liable for negligent conduct of the work (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239; *Doupe* v. *Gerin*, 45 id. 119; *Cohen* v. *Cotheal*, 156 App. Div. 784, 787; *Levine* v. *Baldwin*, 87 id. 150; *Goldberg* v. *Besdine*, 76 id. 451; *Bronner* v. *Walter*, 15 id. 295, 297; *O'Dwyer* v. *O'Brien*, 13 id. 570, 573; *Coleman* v. *Central Trust Co.*, 25 Misc. 295; *Blake* v. *Fox*, 17 N. Y. Supp. 508, and *Marston* v. *Frisbee*, *Blumenthal* v. *Prescott* and *Schick* v. *Fleischhauer*, *supra*), even though gratuitous (*Siegel* v. *Spear & Co.*, 234 N. Y. 479, 483; *Zelzer* v. *Cook*, 62 Misc. 471; *Blake* v. *Fox*, *supra*), whether by himself or his agent or any one acting negligently with his sanction (*Pratt* v. *Taylor*, 186 N. Y. 417, 421, and *Cohen* v. *Cotheal*, *Levine* v. *Baldwin*, *Coleman* v. *Central Trust Co.* and *Salvetta* v. *Farley*, *supra*), culminated in the recent decision in *Marks* v. *Nambil Realty Co., Inc.* (245 N. Y. 256), where Judge CARDOZO writes concerning an injury following assurances of the landlord's agent about defective repairs gratuitously made wholly within the premises demised: " The landlord, though a volunteer in making the repairs, is liable, none the less, for negligence in making them. ' It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all ' (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239). The distinction in such cases is the old one between non-feasance and misfeasance (*Thorne* v. *Deas*, 4 Johns. 84, 96; *Siegel* v. *Spear &*

*Co.*, 234 N. Y. 479, 483; Bohlen, Studies in the Law of Torts, p. 80). A landlord in these circumstances is not charged with liability on the basis of the non-performance of a voluntary promise. He is charged with liability because having chosen to perform he has thereby become subject to a duty in respect of the manner of performance. The cases are many in which liability has been enforced upon that footing for the protection of a tenant," and recovery was recently sustained in *Tucker* v. *Wagner* (132 Misc. 402) involving a similar question of a defectively repaired faucet.

· The plaintiff, however, contends that the defendants could not remain in possession, expose their goods to peril and recover (*Reiner* v. *Jones*, 38 App. Div. 441), but the jury have resolved the disputed questions of fact, and the negligence and contributory negligence of the parties, in favor of the defendants, and the motion must be denied.