# CHARLESTOWN.

KLINE v. McLAIN.

Submitted June 25, 1889.—Decided September 13, 1889.

1. LANDLORD AND TENANT—REPAIRS.

   A lessee of a store-room can not recover in an action of *assumpsit* against his lessor for damages sustained by reason of the failure of said lessor to repair damages to said building caused by unavoidable accident, where there is a written lease between said contracting parties in the absence of an express covenant, that said lessor should make such repairs.

2. LANDLORD AND TENANT—REPAIRS—DEMURRER.

   Where a written lease of such building provides, that the lessee shall keep the same in repair except as to "unavoidable accidents and natural wear and tear," the law will not imply a contract on the part of the lessor to repair damages caused by unavoidable accidents, and a demurrer will be sustained to a declaration setting forth these facts in a special count.

3. LANDLORD AND TENANT.

   The lessee in such an action will be confined to the terms of the written contract declared upon and can not recover upon a verbal contract or understanding made or had contemporaneously with said written lease.

*W. W. Arnett* for plaintiffs in error.

*W. P. Hubbard* and *I. F. Jones* for defendants in error.

ENGLISH, JUDGE:

On the 8th day of May, 1886, Simon Kline and Ralph Kline, partners under the firm name and style of Kline Bros., brought an action of trespass on the case in *assumpsit* against H. B. and R. B. McLain, laying their damages at $10,000.00, in the Circuit Court of Ohio county, and filed their declaration at rules held on the first Monday in July, 1886, to which declaration the defendants demurred, and on consideration the court below sustained the said demurrer as to the first two or special counts, and overruled the same as to the other or common counts, and thereupon the plaintiffs obtained leave to amend, and on the 14th day of January, 1887, the plaintiffs tendered for filing an amended declaration, to which the defendants objected on the ground that the same and each

count thereof was insufficient in law, which objection being argued by counsel and considered by the court were sustained; and afterwards, on the 14th day of February, 1887, the plaintiffs tendered another amended declaration, to each count of which the defendants demurred, which demurrer was sustained by the court, and, the plaintiffs electing not to further amend, their action was dismissed with costs and afterwards, to wit, on the 7th day of October, 1887, the plaintiffs moved the court to set aside the judgment entered in this cause at that term, and for leave to file an amended declaration therein; and on the 8th day of October, 1887, no cause being shown by the plaintiffs in support of their motion to set aside said judgment, the said motion was overruled, and the plaintiffs applied for and obtained a writ of error and *supersedeas* to said judgment.

As there was no bill of exceptions taken in the case, the facts can only be ascertained, so far as they appear in the pleadings. From the first count in the last amended declaration filed by plaintiffs it appears, that defendants were the owners of a three-story brick building situated in the city of Wheeling, the locality of which is therein described, and that by an agreement in writing dated October 22, 1882, said defendants leased to plaintiffs the first story of said building for the period of one year next ensuing from the 1st of April, 1883, to be used as a store-room, which lease by its terms provided, that the rental should be $800.00 *per annum*, payable quarterly from the 1st day of April, 1883, and that the plaintiffs should keep the building in repair except as to "unavoidable accidents and natural wear and tear," which said exception of "unavoidable accidents" was construed and understood by and between both plaintiffs and defendants at the time of the execution of the lease and ever afterwards as imposing upon the defendants the obligation, in consideration of which they (defendants) promised and undertook to keep said building in repair as to and against unavoidable accidents, and the plaintiffs averred, that such construction was the true intent and meaning of said clause, as understood and meant by both plaintiffs and defendants in the making and executing of the said contract and lease.

The plaintiffs in the second count aver, that said lease by

indorsements made thereon at different times was extended until the 31st day of March, 1888; that immediately after the execution of said lease they took possession of the room demised to them as aforesaid and put and placed therein a large stock of ready-made clothing and other goods, wares and merchandise and commenced carrying on in and at said room a wholesale and retail and jobbing clothing and other business store and trade, and established and built up a very large and profitable wholesale, retail and jobbing trade and business, which they continued to conduct and carry on until compelled by reason of the negligence, wrong and breach of contract of the defendants, as is thereinafter stated and set forth, to vacate and remove their said store from said room.

The plaintiffs further aver, that during the time of their occupancy under the lease aforesaid of said room they not only paid their rent but kept the said room in repair, as they had contracted to do except as to "unavoidable accidents and natural wear and tear," and that the said store-room became by reason of an unavoidable accident uninhabittable and unfit for the purposes, for which it was rented, and that the defendants, although frequently notified of the fact and requested to make said store-room habitable and fit for the purpose, for which it was rented by making the repairs, which were made necessary by the unavoidable accident aforesaid, did at the time aforesaid fail, neglect and refuse to, as by the terms of said lease and the mutual construction thereof they (defendants) promised and undertook to do, repair the injury occasioned by the said unavoidable accident; that the unavoidable accident, which occurred to the said store-room, and which rendered the same uninhabitable and unfit for use of any kind, and which, though often requested, the defendants refused to repair, consisted of the swaying, falling out and bulging out of the two parallel side walls of the brick store-room, which was caused by the great weight of the walls and building of the second and third stories immediately upon and above the said store-room, which was so great as to make it dangerous, and as to make it necessary to tear down the western wall of said room, and the wall of the rooms above, to the foundation;

that the fire-wardens of the city condemned the said wall and store-room as unsafe, dangerous and uninhabitable, and the insurance-companies, in which the plaintiffs had their lives and stock of merchandise insured notified plaintiffs, that said companies would consider the plaintiffs' longer remaining in said store-rooms as just ground for cancelling the policies they held on their lives and their stock all of which the defendants had notice; and that, although often requested, the defendants refused and neglected to make said repairs; that by reason of said unavoidable accident, and the failure and neglect of the defendants to make the repairs made necessary by the same, they were compelled to remove and did remove, their stock of goods, wares and merchandise out of the said store-room, and that thereby they sustained great loss, damage and injury for various reasons therein set forth and were compelled to abandon and did abandon their entire wholesale and jobbing trade; that in consideration of the payment of said $800.00 *per annum* and the keeping of said building in repair, except as to unavoidable accidents and natural wear and tear, the defendants were by the said lease obligated, and it became their duty, and in consideration thereof defendants undertook to furnish to them the entire and full use and benefit of said room for the purpose, for which it was intended and rented, for the term of the said lease.

The plaintiffs in their declaration made other averments as to the character and extent of the damages sustained by them by reason of said unavoidable accident and the failure and refusal of the defendants to repair the same, although often requested so do to, and that by reason of the premises the defendants were guilty of a breach of their contract of leasing, and the plaintiffs were compelled to abandon and did abandon their wholesale and jobbing trade to the damage of the plaintiffs $10,000.00, which the defendants undertook and promised to pay *etc.*, but which they have failed to do although often requested *etc.*, to the damage of the plaintiffs $10,000 00.

The only question presented for consideration is, whether the court erred in sustaining the demurrer to the plaintiffs' declaration. It appears, that there was a contract in writing

between the plaintiffs and defendants for the rental of said store-room for one year, the date of which is set out; and said lease was extended from year to year by indorsements made thereon; and that on the face of said contract the plaintiffs agreed to keep said store-room in repair, "except as to unavoidable accidents and natural wear and tear;" and although the plaintiffs aver in their declaration, that the defendants orally rented to the plaintiffs the said store-room for the period of —— years for the sum of $800.00 *per annum*, and by the terms of said leasing the defendants promised and undertook to keep the said building in repair against unavoidable accidents, the plaintiffs agreeing to provide for other and ordinary repairs, yet, if said allegation be true, it is not such a contract as could be enforced, for the reason that being a lease of real estate for more than one year it would be considered void, because it is not in writing. Neither could it be enforced, if the proof should disclose the fact, that said oral agreement was contemporaneous with the written agreement. See *Towner* v. *Lucas's Ex'r*, 13 Gratt. 705. "Parol evidence will not be received to engraft upon or incorporate with a valid written contract an incident occurring contemporaneously therewith and inconsistent with its terms." The agreement of the parties having been reduced to writing, said writing will be presumed to contain the contract.

In the case of *Crawford* v. *Jarrett*, 2 Leigh. 630, the court announces the rule as follows: "Parol evidence can not be admitted (unless in case of fraud or mistake) to vary, contradict, add to, or explain the terms of a written agreement by proving that the agreement of the parties was different from what it appears by the writing to have been."

In the case of *Watson* v. *Hurt*, 6 Gratt. 633, we find the rule as follows: "It is perfectly well settled that the terms of a written contract can not be varied by parol evidence of what occurred between the parties previously thereto or contemporaneously therewith."

The plaintiffs in this action are seeking to recover upon an alleged special contract in writing and also a verbal understanding between the parties at the time said contract was made as to the liability of the lessor to the lessees, in the

event that damage resulted to them by an unavoidable accident to said store-room. It is not pretended, that there was any express covenant on the part of the defendants, that they would indemnify and save the plaintiffs harmless against accidents of any character. The agreement provided, that the plaintiffs were to keep said store-room in repair with the exception of unavoidable accidents and natural wear and tear, and the plaintiffs' claim seems to be based upon the assumption, that it was the duty of the lessor to protect the plaintiffs from damages resulting from unavoidable accidents.

In the case of *Railroad Co.* v. *Rathbone*, 1 W. Va. 87, this Court held: "Where a party declares in *assumpsit* and seeks a recovery upon a special contract, he is bound by the terms thereof." Washburn in his work on Real Property (4th Ed. vol. 1, p. 537, § 7,) propounds the law as follows: "Without an express covenant to that effect on the part of the lessor he can not be held liable for repairs made by the tenant upon the demised premises, nor would he be bound by a parol promise to make repairs, if such promise is founded only upon the relations of landlord and tenant. See *Gill* v. *Middleton*, 105 Mass. 478. Nor is he bound to repair them himself, unless expressly made so by covenant, nor to remove any nuisance, unless caused by his own act, or he has covenanted to that effect." See *Moore* v. *Weber*, 71 Pa. St. 429; *Libbey* v. *Tolford*, 48 Me. 316; *Arden* v. *Pullen*, 10 Mees. & W. 321; *Vai* v. *Weld*, 17 Mo. 232.

Where the owner of a building of three stories let a room in the middle story, and covenanted that if the premises should be damaged by fire so as to make them untenantable for more than thirty days, the rent at the election of the tenant should cease. The upper story was in the occupation of another tenant, and while in that condition, the roof accidentally took fire, and rendered the premises untenantable. The landlord began to repair the roof, but before it had been finished the rain injured the tenant's goods, and he claimed damages of the lessor, but the court held that, though he might have removed from the premises and ceased to pay rent until they had been repaired, he had no remedy against the landlord for the injury done his goods while he kept them in the building." *Doupe* v. *Genin*, 45 N. Y. 119.

Addison in his valuable work on Torts, p. 211, says : "As between the landlord and occupier of a house or the landlord and tenant there is no obligation upon the landlord to keep the house in repair in the absence of an express contract to that effect." See *Witty* v. *Matthews*, 52 N. Y. 512; *Doupe* v. *Genin*, *supra ; Kahn* v. *Love*, 3 Or. 206 ; *Brewster* v. *DeFremery*, 33 Cal. 341 ; *Estep* v. *Estep*, 23 Ind. 114. "If, therefore, the chimney of a house demised to a tenant becomes ruinous, and falls through the roof of the house, and injures the furniture and family of the tenant, the latter has no remedy against the landlord for the injury;" referring to *Payne* v. *Rogers*, 2 H. Bl. 349 ; *Leslie* v. *Pounds*, 4 Taunt. 649; *Bishop* v. *Trustees*, 1 El. & El. 697.

This Court, in determining the questions raised in the case of *Robrecht* v. *Marling*, 29 W. Va. 765 (2 S. E. Rep. 827) held : "In an action for damages for failure of the landlord to give possession of property which has been leased, or from which he has ejected the tenant, where the gist of the action is being deprived of the benefit of the lease, whether the action is covenant or tort, the general rule is that the plaintiff is entitled as the measure of his damages to the difference between the rent reserved and the value of the premises for the term. He may also recover such special damages as have directly and necessarily been occasioned by defendant's wrongful act or default, but can not recover what he might have made on the premises during his lease, nor for loss sustained by selling his stock, agricultural implements, etc., for less than their value."

The *gravamen* of the plaintiffs' claim in the case under consideration is the failure of the defendants to keep said building in such repair as to enable them to use and occupy it as a store-room, and the damage occasioned by their removal from the same into a smaller building in a more unfavorable locality, the sale of a portion of their stock at a sacrifice, and the loss occasioned thereby, combined with the loss of trade caused by the change of locality ; but under the rulings in the case of *Robrecht* v. *Marling*, *supra*, the plaintiffs can not recover what they might have made on the premises during the lease, nor the loss sustained in selling their stock ;" neither in my opinion can they recover any damages resulting from their

being compelled to seek a location, which was more unfavorable for their business. There appears to have been no express covenant for quiet enjoyment or to repair damages caused by unavoidable accidents, and such a contract will not be implied. No implied covenant to re-build or repair damages on the part of the landlord arises at common-law from an exception of causualties by fire, tempest or other causes in the tenant's covenant to repair. *Weigall* v. *Waters*, 6 Term R. 488.

Greenleaf on Evidence (5th Ed. p. 88, § 103) says: "The law however presumes a promise, only where it does not appear, that there is any special agreement between the parties; for if there is a special contract, which is still open and unrescinded, embracing the same subject-matter with the common counts, the plaintiff, though he should fail to prove his case under the special count, will not be permitted to recover upon the common counts."

Then, as there was no express contract on the part of the plaintiff to repair said building, when the injury might be caused by unavoidable accident, and the law will imply no such contract, where there is an agreement in writing, I do not think, that the plaintiffs by either their original or amended declaration have presented such a case, as entitles them to recover.

For these reasons we are of opinion, that the court below committed no error in sustaining the defendant's demurrer, and the judgment of said court must be affirmed with costs to the defendants in error.

AFFIRMED.