# CHARLESTON.

### KOEN *v.* FAIRMONT BREWING COMPANY.

Submitted June 7, 1910. Decided April 4, 1911.

1.   PROCESS—*Requisites—Form of Action—Designation.*

A writ giving full information as to parties, time, place, nature of the demand and all other essential particulars, and

omitting no constitutional or statutory requisite, is sufficient, though inaccurate in its designation, of the form of action. (p. 96).

2.   PLEADING—*Declaration—Promise—Cure by Verdict.*

   Averment of the promise in a declaration in *assumpsit* by implication or intendment only is defective and would be insufficient on demurrer, but, in the absence of a demurrer, is cured by a verdict under the operation of the statute of jeofails. (p. 96).

3.   CONTINUANCE—*Grounds—Amendment of Complaint.*

   An amendment of a pleading at the trial, to make the allegations correspond with the proof, allowed under section 8 of chapter 131 of the Code of 1906, does not give the opposite party an absolute right to continue the case. He can have a continuance only for cause made apparent by the character of the amendment or otherwise shown. (p. 98).

4.   INTOXICATING LIQUORS—*Validity of Lease—Adoption of Local Option.*

   Impossibility of the use of leased property for the purpose specified in the contract, occasioned by a cause beyond the control of the lessee, does not make the contract of lease wholly void nor unconditionally relieve him from the obligation to pay rent. When available at all, such defense makes the contract voidable only, and, to obtain the benefit thereof, the lessee must abandon the premises and wholly decline the benefit of the contract after the happening of the contingency. (p. 99).

   (BRANNON. JUDGE, absent.)

Error to Circuit Court, Marion County.

Action by O. N. Koen against the Fairmont Brewing Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*W. M. Hess* and *Charles Powell,* for plaintiff in error.

*H. N. Ogden,* for defendant in error.

POFFENBARGER, JUDGE:

The Fairmont Brewing Company sued out this writ of error to review a judgment against it in an action of *assumpsit* for rent, alleged to be due the plaintiff Koen, under a written contract of lease of a certain room in the city of Mannington for saloon purposes.

Refusal of the trial court to quash the summons for misdescription therein of the action is the basis of the first assign-

ment of error, the mandate being to summon the defendant to answer the plaintiff "of a plea of In Assumpsit." As this inaccuracy could not have misled the defendant the motion was properly overruled. *White* v. *Sydenstricker,* 6 W. Va. 46. The writ gave full information as to parties, time, place, the nature of the demand and all other essential matters, and omitted no constitutional requisite. A writ should not be quashed for a mere formal defect, unless violative of a mandatory provision of positive law, or such as might reasonably mislead the defendant to his prejudice.

The declaration is subjected to criticism which might avail if a demurrer had been interposed, but we find none in the record. It contains the common counts, a special count on the contract and one on an account stated, all of which, except the last, are defective for omission to allege promises to pay the debts therein described. The conclusion negatives payment of all the several sums described and says the defendant did not regard "its said several promises and undertakings", but this does not supply the omitted facts. It is a mere assumption of that which is non-existent. The count on the account stated, the only good one in the declaration, is wholly unsustained by proof, there being no evidence of an accounting or agreement upon any sum as one due and payable. The written contract, demising the room and stipulating for the rent, constituting the only evidence offered by the plaintiff, was clearly not admissible under that count. As all the others are defective, we have an inquiry as to whether the verdict has cured the defects under the operation of the statute of jeofails, section 3 of chapter 134 of the Code of 1906.

Good pleading requires direct and distinct statement of essential facts. *Patton* v. *Elk River Co.,* 13 W. Va. 259; *Burton* v. *Hansford,* 10 W. Va. 470. In *assumpsit,* the promise is the gist of the action, and, therefore, an essential element or factor. 4 Minor's Inst. 697. As the count for rent, the only one according in character with the evidence, contains no express allegation of a promise to pay the rent, it would have been bad on demurrer. The promise, if any at all, is not well pleaded, but the absence of a demurrer carries our inquiry further. We must say whether there is a defective count for rent due under an express contract, for, if there is, the statute cures the defect.

*Jacobs* v. *Williams,* 67 W. Va. 377 (67 S. E. 1113); *Long* v. *Campbell,* 37 W. Va. 665; *Holliday* v. *Myers,* 11 W. Va. 293. This count charges indebtedness in the sum of $500.00 "for money due for rent of a certain store room * * * rented by the plaintiff to the said defendant, * * * amount due and unpaid prior to the bringing of this suit, at the rate of $75.00 per month, payable monthly in advance." This apprised the defendant of the nature of the demand, and also of reliance upon an express contract of rental, carrying an implication of a promise or agreement to pay the rent sued for. A further like implication arises from terms used in the conclusion, saying the defendant, "not regarding his said several promises and undertakings, has not yet paid" &c. The subject matter of a cause of action is here plainly indicated. Enough is stated to show what the plaintiff seeks and upon what theory or claim he sues for it. Nothing is omitted which could have misled or injured the defendant. Only a technical allegation is lacking. What should have been stated in express terms has been put in by way of implication or intendment. Hence we think it is a case of defective pleading, cured after verdict by the statute, and not one of total failure to state a cause of action.

The next complaint stands upon the allowance of an amendment of the declaration at the trial and refusal of a continuance on the motion of the defendant. The count for rent stated a rental for one year. The contract, when offered in evidence, proved to be one for three years. Thereupon the court permitted the plaintiff to alter one of the dates by way of amendment. This the court had a clear right to do. Code (1906) chapter 131, section 8. But it is urged there was error in overruling the motion to continue, made on the allowance of the amendment. We do not think so. The right to a continuance as a matter of course, if requested, is asserted as an *obiter dictum* in *Travis* v. *Insurance Co.,* 28 W. Va. 593, but not decided, since the question did not arise in that case. There had been a continuance. What was challenged was the right to amend at the trial so as to avoid a variance, and the affirmance of that right was the matter actually decided. The statute allowing such an amendment does not give an absolute right to continue on the allowance thereof. Fairly construed, its terms impliedly negative such right. It says "And if it be made to appear that

a continuance of the cause is thereby rendered necessary, such continuance shall be granted at the cost of the party making the amendment." Permitting the amendment, it allows a continuance for cause, either shown or apparent. *Expressio unius est exclusio alterius.* This maxim precludes the view that the legislature did not mean what it had said. We are not at liberty to say a continuance, not appearing to be necessary, may be had simply because an amendment has been allowed. As cause for a continuance was not made apparent by the nature of the amendment made and was not otherwise shown, the motion was properly overruled.

The sole defense was deprivation of the beneficial use, by the lessee, of the property. The lease demised and let the property from May 1, 1907, until May 1, 1910, "for the operation of a saloon therein, and for that purpose only." It was so used during the first year and the rent paid. Before the expiration of that year, an election was held in the city to determine by popular vote under a local option provision of the charter, whether any license for the sale of intoxicating liquor should be granted after May 1, 1908, at which an adverse majority was recorded. The lessee having refused to pay rent after May 1, 1908, on the assumption that the impossibility of using the property for the purpose for which it had been used, relieved from the agreement to pay the rent, this action was commenced to recover the rent from that date until Nov. 1, 1908, amounting to $450.00. Granting, for the purposes of the discussion, deprivation of the beneficial use of the property on the part of the lessee, illegality of the contract on the adoption of prohibition does not follow. As intoxicating liquors could be legally sold, when the agreement was entered into, it cannot be said to have been originally made for an illegal purpose. Nor can we assume the existence of intent to violate law in the event of the cessation of power to grant licenses. It is not a contract of or for sale of liquors. It is one to pay rent. If it became unenforcible, it did so, because the parties are deemed to have impliedly agreed that, in the event of loss of right to carry on the business, occasioned by acts or occurrences beyond their control, the obligation of the contract should cease or become voidable, under principles adverted to in *Griffith* v. *Boom & Lumber Co.,* 55 W. Va. 604. Whether the contract becomes wholly void or only

voidable under these principles, is rendered a vital inquiry here by the state of the evidence, it not appearing whether the property was vacated or abandoned by the lessee, or the lease surrendered. Under this principle, the release, absolute or optional, is an implied term or provision of the contract, read in by the court under its power of construction and interpretation, and rests upon presumed intent. As necessity is the only justification for the insertion of terms or conditions by implication, they cannot consistently go beyond the requirement of justice, fairness and equity. This purpose will be accomplished in most, if not all, cases by making the contract voidable rather than void. Here such construction would fully protect the lessee and be advantageous to the lessor and there was no legal restraint upon their power to make the contract voidable on the happening of the contingency. They were as free to make it voidable as to make it void, and are presumed to have intended that which was most equitable and just. Besides, they had made a valid and binding contract, from which they are to be relieved upon the assumption of the extreme improbability of their having intended all of its consequences. Hence, logically the relief must be commensurate with the necessity and not in excess thereof. In other words, necessity in the legal sense of the term, is the measure or standard of modification of the contract by construction. That this conclusion harmonizes with the rules of construction is clear. It also accords with the application of the principle to the class of contracts to which this one is said to belong. 10 Cyc. 1313.

Inability of the lessee to make beneficial use of the property could have conferred nothing more than an option to avoid the contract by a surrender of the lease or abandonment of the property. If it claimed such right and attempted to avail itself thereof, the evidence does not show it. Continuance of possession of the property, which is presumed in the absence of anything indicating the contrary, prior possession on the part of the lessee being admitted, carried with it the obligation to pay the rent. The lessee could not take the benefit of the contract and repudiate its burden.

We are of the opinion, therefore, that the intermediate court did not err in refusing an instruction to find for the defendant, if the jury believed it was deprived of the use of the property

by a cause beyond its control, nor in refusing to set aside the verdict, and that the circuit court did not err in affirming the judgment, rendered on the verdict.

This conclusion relieves us from inquiry as to whether the contract properly construed, restricted the lessee to a particular use of the property, whether the beneficial use thereof under the contract was wholly or substantially destroyed by inability to obtain a license to sell intoxicating liquors, and whether such inability, occasioned in the manner indicated, rendered the contract voidable. Upon all these questions, the authorities are conflicting. See *Burgett* v. *Loeb,* 88 N. E. 346; *Houston &c. Co* v. *Keenan,* 99 Tex. 79; *Brewing Ass'n* v. *Brent,* 39 Tex. Civ. App. 443; *O'Byrne* v. *Henley,* 50 So. 83; *Kerley* v. *Mayer,* 31 N. Y. Supp. 818; *Hooper* v. *Mueller,* 123 N. W. 24; *American Mer. Ex.* v. *Blunt,* 102 Me. 128, 10 L. R. A. (N. S.) 414 and notes; *Heart* v. *Brewing Co.,* 113 S. W. 364.

Seeing no error in the judgment, we affirm it.

*Affirmed.*