MARGUERITE MARSH, *Infant,* v. T. S. RILEY *et al.*

(No. 8397)

Submitted November 10, 1936. Decided December 1, 1936.

*Handlan, Garden & Matthews* and *Lester C. Hess,* for plaintiff in error.

*Hall, Goodwin & Paul* and *Riley & Riley,* for defendants in error.

HATCHER, PRESIDENT:

Charging the landlord with knowingly maintaining an unsafe water-heater in his tenement house, the plaintiff recovered a verdict for injuries allegedly occasioned by the heater. The trial court set the verdict aside.

Several rental apartments had a common bathroom. The bath water was heated in a tank by a gas stove, located about fourteen inches off the bathroom floor near the spigot end of the bathtub. The stove door had no latch and without a fastening of some kind would not remain closed. According to evidence for defendants, the door was provided with an effective wire hook; according to evidence for plaintiff, the hook had been off,

to the knowledge of the landlord, for several months before her accident. She is the child of an apartment tenant and was aged three years and four months. On the occasion of her injury, she was sent by her mother, unattended, from their apartment to the bathroom. Mrs. Marsh stated she knew at the time that the heater door was ajar. A few minutes later, the child appeared at the door of another tenant near the bathroom, with her clothing in flames. He smothered the flames, but she was terribly burned. Some time afterwards, it was found that the bathtub was full of running water, a shoe and stocking of plaintiff were in the water, the stove door was open, and the gas was burning.

The authorities are not entirely harmonious on the duty of a landlord in such cases; so we state with some particularity our conception of his duty. In the absence of a special contract, the law imposes on the landlord the duty to exercise ordinary care to maintain in reasonably safe condition the premises owned by him and used in common by different tenants. *Weaver Mercantile Co.* v. *Thurmond,* 68 W. Va. 530, 536, 70 S. E. 126, 33 L. R. A. (N. S.) 1061; *Wardman* v. *Hanlon,* 52 App. D. C. 14, 280 Fed. 988, 991, 26 A. L. R. 1249; *Peterson* v. *Zaremba,* 110 N. J. Law, 529, 166 A. 527, 528; *Karp* v. *Barton,* 164 Mo. App. 389, 144 S. W. 1111; *Burelle* v. *Pienkofski,* 84 N. H. 200, 148 A. 24; Restatement, Torts, sec. 360; 36 C. J. subject Landlord and Tenant, secs. 887, 913; 16 R. C. L. subject Landlord and Tenant, secs. 557-8. So far as a breach of this obligation subjects the landlord to liability for bodily harm, the obligation is a tort duty. *Wardman* v. *Hanlon, supra;* 18 Ency. of Proc. 465. But the duty arises from the tenancy, and its character defines the extent of the landlord's care. This care is that ordinarily requisite for the safety of normal tenants, because without special contract, a landlord could not be expected to conform his premises or his conduct to abnormalities of person or habit. There being different kinds of tenancies, the standard of care naturally varies somewhat with each kind. A family apartment tenancy requires of the landlord the care due the ordinary family

of normal habit. It is common knowledge that ordinary parental supervision does not restrain immature children from occasionally visiting the bathroom unattended. A landlord is charged with that knowledge, and should take ordinary care to maintain a bathroom used in common by tenant families in a reasonably safe condition for children. We recognize that respectable authority measures the care due a member of a tenant's family solely by the care due the tenant himself. However, we cannot bring ourselves to adopt such strait measurement.

Counsel for defendants contend that since a latch for the heater would have cost but a few cents, such a trifling repair should have been made by the tenant. "But such is not the law. The rule is that the landlord cannot shift the responsibility assumed by him to his tenants to make the common ways and equipment reasonably safe in so far as ordinary care can effect that result." *Horan* v. *Harris,* 12 N. J. Misc. 513, 172 A. 730. Accord: *Quisenberry* v. *Gulf Production Co.,* (Tex. Civ. App.) 63 S. W. (2d) 248, 251. Counsel take the position that the act of the mother in sending the plaintiff, unattended, to the bathroom, knowing the stove door was open, was the proximate cause of the injury, and, on that account, recovery herein should be denied the child. Such was the doctrine at one time in New York and a few other states. It has not been recognized in the Virginias and in most of the jurisdictions. "The negligence of a parent cannot be imputed to the infant child too young to know how to take care of itself." *Dicken* v. *Liverpool Co.,* 41 W. Va. 511, 23 S. E. 582. Accord: *Tugman* v. *Riverside & Dan River Cotton Mills,* 144 Va. 473, 132 S. E. 179, 181; Cooley on Torts (4th Ed.), sec. 490. Counsel also contend that the manner in which plaintiff's clothing was ignited is purely conjectural. We are of opinion that the circumstances point to the open heater with sufficient certainty. Shortly after the accident, plaintiff said several times, "Mother, you told me not to do it." An objection to this statement was sustained. Counsel contend the statement should have gone to the jury on the question of plaintiff's contributory negligence.

The evidence does not disclose what plaintiff was referring to, and the statement alone is too indefinite for probative value. Moreover, a child of such tender years cannot be guilty of contributory negligence. *Dicken* v. *Liverpool Co., supra.*

Counsel for defendants complain especially of an instruction given on behalf of plaintiff which told the jury it was the duty of the landlord to exercise ordinary care to maintain the heater so that it "would not constitute a danger not only as regards the adult members of the Marsh family, but also so far as regards the infant plaintiff." The circuit court, in a written memorandum stating that this instruction places too great a burden on the landlord, held the instruction to be erroneous. We concur in that view. The phrase "would not constitute a danger" is not synonymous with the phrase "reasonably safe condition." The instruction would make the landlord a virtual insurer of the Marsh family against danger from the heater. This is not the law. The landlord was required only to exercise ordinary care to maintain the heater in reasonably safe condition.

The judgment is affirmed.

*Affirmed.*