ELLEN LOWE *v.* COMMUNITY INVESTMENT COMPANY

(No. 8679)

Submitted January 26, 1938. Decided March 8, 1938.

*George W. Williams* and *W. H. McGinnis, Jr.,* for plaintiff in error.

*Charles T. Ross* and *O. L. Hedrick,* for defendant in error.

MAXWELL, PRESIDENT:

This writ of error brings for review the judgment of the circuit court of Raleigh County setting aside a verdict for $5,000.00 in favor of Ellen Lowe against Community Investment Company, a corporation, and awarding a new trial.

Plaintiff, a woman of 69 years, was a member of the family of her nephew, Charles Luther, and lived with the family in a second-story apartment which Luther had leased of the defendant in the town of Lester, Raleigh County. She sues for damages for personal injury sustained by her in a fall on the rear steps of the apartment building January 4, 1937. At the time of the accident, she was en route to an outdoor closet in rear of the building, there being no inside toilet. The stairway was maintained by the defendant for the use of the tenants. The ground of the action is the alleged negligence of de-

fendant in not maintaining the stairway in a reasonably safe condition—that a hole in the tread of one of the steps caused her to fall, and that the defendant had knowledge of that defect for considerable time before the accident occurred.

The existence of the defect and knowledge thereof by a responsible representative of the defendant are not denied. Neither is it questioned that the plaintiff was injured in the manner she alleges. The defense is that the plaintiff should have used the front stairway of the building, and, having elected to employ the rear stairway, knowing of the broken step therein, she contributed to her own injury by assuming the risk of using the obviously dangerous stairway.

The evidence shows that the front stairway was not as convenient for the second-story tenants in reaching the toilet as was the rear stairway. And then, too, it is in accord with common decency and the proper sensitiveness of normal people that they do not desire to travel a conspicuous, front-door route leading to a street and thence around a building in order to reach a toilet. So, we consider that the front stairway did not afford a reasonably suitable route to the back yard and is therefore not an element in the legal equation at hand.

"In the absence of a special contract, the law imposes on a landlord the duty to exercise ordinary care to maintain in reasonably safe condition, premises owned by him and used in common by different tenants. * * * A family-apartment tenancy requires of the landlord the care due the ordinary family of normal habit." *Marsh* v. *Riley,* 118 W. Va. 52, 188 S. E. 748. Many cases declare this rule. Illustrative: *Roman* v. *King,* 289 Mo. 641, 233 S. W. 161, 25 A. L. R. 1263 and annotation, pp. 1273 *et seq.; Siggins* v. *McGill,* 72 N. J. L. 263, 62 Atl. 411, 3 L. R. A. (N. S.) 316, 111 Am. St. Rep. 666.

There is an equally well settled rule that in such circumstances, a tenant or a member of his family is not guilty of contributory negligence, as a matter of law, in continuing to use in a careful manner a common passageway or stairs which he knows to be defective.

*Looney* v. *McLean,* 129 Mass. 33, 37 Am. Rep. 295; *Dollard* v. *Roberts,* 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238; *Roman* v. *King, supra; Peil* v. *Reinhart,* 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843; *Dillehay* v. *Minor,* 188 Iowa 37, 175 N. W. 838, 11 A. L. R. 106; *Brandt* v. *Rakauskas,* 112 Conn. 69, 151 Atl. 315.

The trial court set aside the verdict and awarded a new trial on the ground that there was error in the sole instruction requested by the plaintiff and read by the court to the jury. By this instruction, the jury was told that in the absence of special contract the law imposes on a landlord the duty to exercise ordinary care to maintain in a reasonably safe condition premises owned by him and used in common by different tenants and members of their families; that if they believed from a preponderance of the evidence that Charles Luther was a lessee of the defendant, and the plaintiff was a member of Luther's family; that the only privies maintained by the landlord for the convenience of the tenants were located in the rear of the apartment house, and that the defendant had provided a stairway extending from the rear of the house to the ground as a means of access to be used by the tenants in going to and from the outdoor toilets, then it was the duty of the defendant to exercise ordinary care to maintain the stairway in a reasonably safe condition for the purpose aforesaid; and, further, if the jury believed from the evidence that the plaintiff, "with due care, attempted to descend such stairway for the purpose of going to such privy or privies and in descending the same a part of one of the steps of such stairway being broken caused her to fall to the ground and she was injured; and *if you further believe from the evidence that but for the broken condition of such steps the plaintiff would not have fallen and sustained the injuries, then you should find for the plaintiff * * * .*" (Italics supplied.)

From a written opinion delivered by the trial court at the time of setting aside the verdict, it appears that the court deemed there was error in the statement which we have italicized. The court entertained the conviction

that in view of the questions raised the jury should have been told, in effect, that if, under the preceding recitals of the instruction, they believed from the evidence that the defendant had not maintained the stairway in a reasonably safe condition, and, on account of such breach of duty on the part of the defendant, the plaintiff, while acting with due care, was injured, they should find for the plaintiff. The court was further of opinion that the language employed in the instruction was not tantamount to the proposition which should have been stated, and therefore, there was error prejudicial to the defendant.

Undoubtedly, the learned trial court is correct in the expression of opinion as to what should have been in the instruction to render it technically proper, but we are unable to follow the deduction that the absence of such phraseology rendered the instruction prejudicially erroneous. We are of opinion that there was no error in the respect noted because, in our judgment, the italicized language conveyed to the jury the same meaning that the more extended statement mentioned would have conveyed. We reach this conclusion for the reason that under the phraseology which should have been used, the absence whereof the trial court deemed prejudicial error, the jury, in determining whether the defendant had maintained the stairs in a reasonably safe condition, would have weighed the problem primarily and essentially with respect to the broken place in one of the steps, and that is the very matter to which the italicized clause directed attention.

Believing, therefore, that the defendant was not prejudiced by the instruction which was given at the plaintiff's instance, we reverse the judgment of the trial court, reinstate the verdict and enter judgment thereon.

*Reversed and rendered.*