JOHN E. REDDEN, *Admr., Etc. v.* THE JAMES T. McCREERY Co., INC.

(CC 633)

Submitted April 15, 1941.   Decided May 27, 1941.

*A. D. Preston, Ashworth & Sanders* and *J. K. Edmundson,* for plaintiff.

*W. H. Sawyers* and *File, Scherer & File,* for defendant.

LOVINS, JUDGE:

John E. Redden, administrator of the personal estate of his infant son Franklyn, instituted an action in the Circuit Court of Raleigh County against The James T. McCreery Company, Inc., to recover damages for his decedent's death, which resulted from a fire allegedly caused by the defective condition of a chimney and flue in premises leased by defendant to John E. Redden. The defendant filed a demurrer to an amended declaration containing two counts, assigning as grounds that the allegations in the declaration are not sufficient to show liability and that no contract is pleaded which would require defendant to keep the dwelling house occupied by plaintiff's decedent in repair. The trial court sustained the demurrer to both counts of the declaration and on joint motion of the parties certified its ruling to this Court.

The first count avers that the defendant owned a frame dwelling divided into two apartments; that John E. Redden rented one of said apartments from the defendant; that he and his family occupied the rented apartment until December 25, 1937, on which day the building was wholly destroyed by fire; that the flues and chimneys in the dwelling were constructed and maintained for the joint and common use of the two apartments; and that it was the duty of the defendant to use ordinary care to keep said flues and chimneys in a reasonably safe condition so that the same would not become a fire hazard, which duty the defendant failed to perform.

The second count is based upon the failure of defendant's agent, Wood, to fulfil a promise to examine the flues and chimneys maintained for the joint use of both apartments and to repair the same if necessary, which promise was allegedly made a short time before the fire in response to a request by John E. Redden and the tenant of the other apartment, Everette Redden. It is alleged that de-

fendant's agent did examine and repair the chimneys and flues on the portion of the premises occupied by the other tenant and promised to proceed without delay on John E. Redden's side of the premises, but failed to do so.

Two basic principles of landlord and tenant law seem to be well established in this jurisdiction. First, in the absence of an express agreement to do so, the landlord is not obligated to make repairs to leased premises. *Charlow* v. *Blankenship,* 80 W. Va. 200, 92 S. E. 318, L. R. A. 1917D, 1149; *Kline* v. *McLain,* 33 W. Va. 32, 10 S. E. 11, 5 L. R. A. 400. The foregoing principle seems to be settled in a majority of jurisdictions in the United States, and is but another way of stating that there is no implied agreement on the part of the landlord to make repairs to leased premises. See 18 Am. & Eng. Enc. L. (2d ed.) 215; *Rosenberg* v. *Krinick,* 116 N. J. L. 597, 186 Atl. 446; *Clyne* v. *Holmes,* 61 N. J. L. 358, 39 Atl. 767. The second principle, equally well settled and generally applied, may be denominated for want of a better term the "common use" rule. As stated in the case of *Marsh* v. *Riley,* 118 W. Va. 52, 188 S. E. 748, 749, "In the absence of a special contract, the law imposes on a landlord the duty to exercise ordinary care to maintain in reasonably safe condition, premises owned by him and used in common by different tenants. So far as a breach of this obligation subjects the landlord to liability for bodily harm, the obligation is a tort duty." To the same effect, *Lowe* v. *Investment Co.,* 119 W. Va. 663, 196 S. E. 490. The degree or measure of care required of a landlord of a family apartment is stated to be the care due the ordinary family of normal habit. *Marsh* v. *Riley, supra; Lowe* v. *Investment Co., supra,* and cases cited therein. Generally as to landlord's liability for failure to clean chimney flue in tenant's apartment, see *Cooper* v. *Lawson,* 139 Mich. 628, 103 N. W. 168.

The first count of the declaration alleges that the chimneys and flues were constructed and maintained for the common use of both apartments, but we do not believe that this statement set forth, other than by implication, that there was common use of chimneys and flues by the

tenants of the apartments. "Good pleading requires direct and distinct statement of essential facts," *Koen* v. *Brewing Co.,* 69 W. Va. 94, 70 S. E. 1098. Also, this count does not mention the element of control by the landlord, or conversely, the lack of exclusive control by the tenant. Where a landlord reserves a portion of leased premises for the common use of his tenants, such as a stairway, in the *Lowe* case, or a bathroom, in the *Marsh* case, it cannot be said that any of the tenants or all together have exclusive control thereof. The duty of the landlord to exercise ordinary care to keep such parts of the premises in a reasonably safe condition arises from the tenancy as stated in the *Marsh* case, but not from any implied covenant. It arises from his obligation to the tenants as licensees using portions of the premises reserved for their common use, and under his control. *King & Metzer* v. *Cassell,* 150 Ky. 537, 150 S. W. 682, 42 L. R. A. (N. S.) 774. A count in a declaration by a tenant against his landlord, based upon the "common use" rule, which fails to allege either control by the landlord of the part of the premises in common use, or lack of exclusive control thereof by the tenant, is fatally defective upon demurrer.

The second count presents a different question. Therein the gravamen of the plaintiff's contention is the failure of the defendant to examine the chimneys and flues promptly, and to make repairs, if found necessary, pursuant to a promise made by his agent. The general tenor of the promise has hereinbefore been stated. We deem it necessary at this point to quote pertinent portions of the second count: "* * * defendant * * * promised * * * to examine and if necessary repair the chimneys and flues on said premises so as to place them in a reasonably safe condition * * * and * * * defendant * * * did thereafter examine and repair the portion of the chimneys and flues on the part of the premises occupied by Everette Redden and * * * defendant * * * promised to examine and repair if necessary, without delay the portions of the chimneys and flues on the part of the premises occupied by the family of John E. Redden * * * and * * *

that having undertaken and promised to examine and repair, if necessary the chimneys and flues on said premises occupied by the said Franklyn D. Redden * * * it became the duty of defendant to proceed without delay * * *."

It seems clear from the above quotation that the duty charged to defendant, the breach of which is the basis of liability alleged in this count, is that of proceeding without delay to examine and repair if necessary the chimneys and flues on premises occupied by Franklyn D. Redden because of a gratuitous promise on the part of defendant's agent, charging no part performance thereof. We are of the opinion that the allegations of this count establish no duty whatsoever in the defendant landlord. Generally, a promise to repair leased premises, made by a landlord to a tenant without consideration, does not impose any liability on the landlord for injury caused by lack of repair. *Bailey* v. *First Realty Co.*, 305 Mass. 306, 25 N. E. (2d) 712; *Rosenberg* v. *Krinick, supra; Parker* v. *Jenkins*, 135 Misc. 666, 239 N. Y. S. 344; *Thomas* v. *Lane*, 221 Mass. 447, 109 N. E. 363, L. R. A. 1916F, 1077; 2 McAdam, Landlord and Tenant (5th Ed.) 1332, Sec. 314.

Of course, it is axiomatic that without a duty alleged, there can be no breach and resulting right accruing to plaintiff in an action of trespass. "To be sufficient, a declaration must set forth such facts as, in law, impose a duty upon the defendant in favor of the plaintiff, and aver a breach thereof in appropriate terms." Point 4, Syl., *Canfield* v. *West Virginia Central Gas Co.*, 80 W. Va. 731, 93 S. E. 815, L. R. A. 1918A, 808.

We are of the opinion that the Circuit Court of Raleigh County correctly sustained the demurrer to the amended declaration and we therefore affirm its ruling.

*Affirmed.*