MADALINE BARKER, DOING BUSINESS AS BARKER DRESS SHOP

v.

CHARLES T. WITHERS AND THELMA J. POINDEXTER

(No. 10789)

Submitted April 18, 1956.          Decided May 15, 1956.

*Tom T. Baker, Chad W. Ketchum,* for plaintiff in error.

No appearance for defendant in error.

LOVINS, JUDGE:

A writ of error and supersedeas was allowed by this Court on the petition of Thelma J. Poindexter on December 5, 1955.

This is an action of trespass on the case brought in the Circuit Court of Cabell County by Madaline Barker, doing business as Barker Dress Shop, plaintiff, against the defendants Charles T. Withers and Thelma J. Poindexter, to recover for an alleged injury to the merchandise of the plaintiff, caused by the alleged negligence of the defendants.

The case was tried by a jury upon a plea of the general issue, with the result that the jury returned a verdict in favor of the plaintiff and against the defendant Poindexter, in the amount of $657.03, and found for the defendant Withers.

The plaintiff in December, 1953, was operating a dress shop on the ground floor of a building owned by the defendant Poindexter in the Town of Barboursville, Cabell County, West Virginia; the defendant Withers maintained offices for the practice of dentistry in the same building and directly over the plaintiff's dress shop; both

plaintiff and defendant Withers were tenants of the defendant Poindexter.

On the morning of December 19, 1953, at about 9:00 A.M., when the plaintiff's daughter entered the dress shop, it was discovered that water had been and was coming through the right rear portion of the ceiling in the dress shop, directly underneath the operating room of the defendant Withers, which contained dental equipment owned, used and operated by him. The water caused damage to the goods and merchandise of the plaintiff. Water was found upon the floor of defendant Withers' operating room directly over the dress shop. The only water outlet in the operating room was the one that connected with defendant Withers' dental unit and all water draining therefrom had to pass through a receptacle which was a part of such unit.

The drain pipes from the dental unit were outside and at the rear of the building; descended to the ground where they connected with an underground sewer pipe. This sewer pipe led only to Dr. Withers' bathroom, which was also on the second floor of the building. The drain pipes were not broken. The weather had been freezing for several days and continued to be freezing until the afternoon of the day the water damage was discovered. There is testimony that after the damage complained of occurred, and employee of the defendant Poindexter appeared on the premises and placed a boxing around both of the exterior sewage and water disposal pipes. There is no evidence to connect defendant Poindexter in any way with the water damage. The only evidence concerning the defendant Poindexter is that she owns and leases the premises to the plaintiff and defendant Withers.

The defendant Poindexter raises three issues:

> (1) Did the trial court err in refusing to direct a verdict for the defendant Poindexter at the conclusion of the plaintiff's evidence and again at the conclusion of all of the evidence?

(2) Did the court err in giving to the jury, over the objection of the defendant Poindexter, plaintiff's Instruction No. 1?

(3) Did the court err in overruling the defendant Poindexter's motion to set aside the verdict of the jury and award her a new trial?

Under the rule set forth in *Porter* v. *Woodard*, 134 W. Va. 612, 618, 60 S.E. 2d 199, the certificate found in this record is sufficient to make the evidence a part of the record.

This case was tried on the theory that the rule of *res ipsa loquitur* applied. In *Snyder* v. *Wheeling Electrical Co.*, 43 W. Va. 661, 667, 28 S. E. 733, the rule is stated in a quotation from the opinion in *Scott* v. *Dock Co.*, 3 Hurl. & C. 596:

> " 'There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' "

See *Jones* v. *Bridge Co.*, 70 W. Va. 374, 73 S. E. 942, and *Jankey* v. *Gas Co.*, 98 W. Va. 412, 417, 127 S. E. 199. In later cases, this Court has introduced the element of exclusive control by the defendant. See *Wright* v. *Valan*, 130 W. Va. 466, 473, 43 S. E. 2d 364; *Pope* v. *Carrier Corp.*, 138 W. Va. 218, 229, 75 S.E. 2d 584. An inference of negligence arising from the application of the rule *res ipsa loquitur* may be rebutted. *Redman* v. *Hotel Corp.*, 138 W. Va. 456, 76 S. E. 2d 759. For a general statement of the doctrine *res ipsa loquitur* and principles applicable thereto, see 38 Am. Jur., Negligence, Sections 298 to 310, inclusive.

The doctrine *res ipsa loquitur* does not apply unless the only reasonable conclusion arising from the circumstances show that the damage occurred by reason of the

negligence of the defendant. *Crotty* v. *Railway Co.*, 115 W. Va. 558, 177 S. E. 609. If the premises where the damage occurred is not under the control or management of the defendant, or there is a divided control, the doctrine of *res ipsa loquitur* does not apply. *Laurent* v. *Gas Co.*, 101 W. Va. 499, 133 S.E. 116. For a similar principle, see *Agsten* v. *United Fuel Gas Co.*, 117 W. Va. 515, 186 S. E. 126. "The doctrine of *res ipsa loquitur* does not apply where an 'unexplained accident may have been the result of causes over which the defendant had no control' ". *Phillippi* v. *Telephone Co.*, 113 W. Va. 470, 168 S. E. 762; *Laurent* v. *Gas Co.*, *supra.*

The record in the instant case does not show that the defendant Poindexter had any control, exclusive, divided or otherwise, of the premises where the damage occurred. The premises on the second floor and above the dress shop were occupied by Dr. Charles T. Withers, lessee, as a dental office, and the record is silent as to whether the defendant Poindexter had access or non-access to this office. The record tends to show that there was water on the floor of the operating room of Dr. Withers'. In the absence of any showing that the defendant Poindexter had control of the premises, we reach the conclusion, amply supported by authority, that the rule *res ipsa loquitur* does not apply in this case, and it was error to give plaintiff's instruction number 1 embodying such doctrine.

The record here shows no special contract imposing a duty upon the defendant Poindexter to maintain the premises rented to the plaintiff by the defendant. There is likewise no showing that the damages were caused by failure to keep in repair a portion of the premises used in common by different tenants. "In the absence of a special contract, the law does not impose on a landlord the duty to exercise ordinary care to maintain in reasonably safe condition, premises owned by him, unless shown to be such as are used in common by different tenants, and over which one tenant, as such, does not have ex-

clusive control." *Redden* v. *James T. McCreery Co.*, 123 W. Va. 367, 15 S.E. 2d 150. The "common access" rule rendering the landlord liable for a defect in the premises to which different tenants have access, is stated and ,discussed in the case of *Marsh* v. *Riley*, 118 W. Va. 52, 188 S.E. 748. The rule is well stated as follows:

> "Where property is leased to different tenants in severalty, the landlord is not responsible for the negligent use of, or failure to keep in repair, heating, lighting, or plumbing fixtures under the control of a tenant in the latter's portion of the premises; and where, as a result of such negligence, injury results to the goods of another tenant, the landlord is not liable therefor."

32 Am. Jur., Landlord and Tenant, §747.

There is proof showing that freezing weather preceded and followed the occurrence which caused the damage to the plaintiff's goods, but this record is devoid of any showing that the defect, if any in the premises, was controlled by the defendant Poindexter or that the tenants of the defendant Poindexter had common access to that part of the premises out of repair.

An effort is made to show that the leakage may have come from the drainpipe and soil pipe outside the building. Such effort resulted in failure since there is no proof that either of the pipes were bursted or even frozen and that water was leaking from them.

The case having been tried on the wrong theory of *res ipsa loquitur*, an instruction embodying that doctrine having been given to the jury, and no actionable negligence having been shown as against the defendant Poindexter, the judgment of the Circuit Court of Cabell County is reversed, the verdict as to the defendant Poindexter is set aside and such defendant is awarded a new trial.

> *Judgment reversed; verdict set aside; and defendant Poindexter is awarded a new trial.*