GARDEN, JUDGE:
During the academic year 1977-78, the claimant was a student at West Virginia University and occupied a room in the Towers Dormitory. At the suggestion of those in charge of the dormitory, the students locked their personal possessions in the closets located in the dormitory rooms for security reasons during the Christmas recess, which, during that academic year, was between December 18, 1977 and January 4, 1978.
Upon claimant’s return to school at the conclusion of the Christmas recess, she was advised that a pipe had burst and that water had quite possibly gotten into the closet containing her personal possessions. An examination of the closet revealed that water had in fact entered the closet and had ruined many of claimant’s personal possessions, including a tennis racket and cover, a pair of boots, a pair of shoes, a sleeping bag, stereo headphones, two stereo speakers, and eight record albums. Claimant testified that these items were ruined, but that prior to the water damage they had a combined fair market value of $300.00.
*243 Franklin Glasscock, respondent’s maintenance supervisor, testified that he had investigated the cause of the water damage and found that a hose running from a faucet to an automatic washer had ruptured in the utility room located on the floor above the claimant’s room. Mr. Glasscock testified that while his crew periodically checked these hoses, it was his opinion that the hose had ruptured as a result of ordinary wear.
The law on this subject is well stated in 49 Am. Jur. 2d §881 Landlord and Tenant (1970) as follows:
“While a landlord’s liability for water overflow damage from appliances in his control may be based on his failure to keep an agreement or covenant to repair or breach of a statutory duty to repair, the prevailing view is that he may be found liable where negligence is shown in the construction, maintenance, or repair of the appliances even though he is not under a contractual or statutory duty to repair, although there is contrary authority.”
This Court is of the opinion that the legal relationship existing between the respondent and the claimant is that of landlord and tenant. As early as the decision of the Supreme Court of Appeals in Marsh v. Riley, 118 W.Va. 52, 188 S.E. 748 (1936), it was held that a landlord is under a duty to maintain premises used in common by his tenants in a reasonably safe condition. The utility room located above claimant’s room was certainly an area used in common by many students, and this Court is of the opinion that respondent’s failure to properly maintain the hose on this washer constituted negligence, and that such negligence was the proximate cause of the damage to the claimant’s personal property.
Award of $300.00.