WALLACE, JUDGE:
While a student at West Virginia University, claimant Kimberly Allen lived in Room 277 of Arnold Hall, a freshman dormitory. On the night of January 5, 1979, fire broke out in claimant’s room, damaging her personal property in the amount of $1,637.00.
According to the testimony of Bert Spencer, the Assistant Director of Housing at WVU, an investigation undertaken in conjunction with the Morgantown Fire Department, University Fire Department, and the University security police revealed that the cause of the blaze was a defective lamp cord. Mr. Spencer stated that the cord’s insulation had been rubbed from it due to the location of the cord between the bed and the wall. The cord then “shorted out.” Mr. Spencer further testified that, while a regular inspection of lamp cords is not conducted by the University, they are checked during the summer when the rooms are being prepared for occupancy.
Claimant’s father, Carlton Allen, stated that his homeowner’s insurance policy covered any dependent children away at school for loss of goods. He therefore submitted this claim for $1,637.00 to his insurance carrier, which settled the claim for $1,050.00 taking into account the depreciation of goods lost in the fire.
In a previous decision of this Court, involving another dormitory resident at West Virginia University, the Court found that the legal relationship which existed between the claimant and the respondent was that of landlord and tenant. Dalessio v. Board of Regents, 12 Ct. Cl. 242 (1979). The law on the subject was cited from 49 Am.Jur.2d §881 Landlord and Tenant (1970): “The prevailing view is that (the landlord) may be found liable where negligence is shown in the construction, maintenance, or repair of the *322 appliances even though he is not under a contractual or statutory-duty to repair...”.
From the evidence presented in this case, the Court is of the opinion that respodent’s failure to properly inspect and maintain the lamp cord in claimant’s room constituted negligence and that such negligence proximately caused the fire which damaged the claimant’s personal property. However, the evidence also reveals that claimant has been reimbursed for her loss by her father’s insurance carrier, and, given this fact, the Court cannot make an award.
Claim disallowed.